### ERASMUS J. WELCH *v.* JESSE LAWSON.

FRAUDS, STATUTE OF : ACTION BY VENDEE AGAINST VENDOR, FOR DECEIT IN RELA-
TION TO PAROL SALE OF LANDS.—The vendee of land, under a parol agreement, may maintain an action against the vendor for compensation for his trouble, loss of time, expense, &c., incurred upon the faith that the contract would be consummated, if the latter refuse to consummate the sale according to the parol agreement; but the vendee can recover nothing for the loss of the bargain.

IN error from the Circuit Court of Yalobusha county. Hon. W. L. Harris, judge.

The substance of the complaint is fully set out in the opinion of the court. Upon the overruling of defendant's demurrer to the complaint, he pleaded the Statute of Frauds in bar of the action; plaintiff demurred to this plea, which was sustained, and defendant then pleaded the general issue.

Upon the trial, the defendant objected to the introduction of testimony offered by the plaintiff, to prove the parol agreement for the sale of the land, as alleged in the complaint. This objection was overruled, and the defendant excepted. Only one instruction was given by the court. This was given at the instance of defendant, and is copied in the brief of counsel for plaintiff in error. The evidence proved all the material allegations of the complaint, and the damages which were allowed by the jury.

*Aldridge* and *Gollady,* for plaintiff in error.

This is an action on the case for damages, on account of fraud or deceit practised in refusing to execute a *parol sale of lands*.

There are several errors insisted upon by plaintiff in error, but they will be considered under two heads :—

1. There was error in overruling the demurrer to the complaint, in sustaining the demurrer to the pleas, and in the admission of parol testimony to prove a sale of lands.

2. It was error to give the instruction asked by counsel of defendant in error.

1st. The same question is involved in overruling the demurrer to the complaint, and in sustaining the demurrer to the pleas, and in the admission of the testimony.

Will an action lie in this State to recover damages for the non-performance of a parol contract to sell lands, or will an action lie for fraud, in refusing to perform a parol contract in the sale of land ?  It is insisted such an action will not lie, on account of our Statute of Frauds.  Hutch. Code, 637, § 1.

To avoid this statute, it may be urged that this is not an action to recover damages *for the non-performance* of a parol contract to sell land, but an action to recover damages *for fraud*, in refusing to execute the contract, or for a fraudulent promise or representation.  If there was fraud in the transaction, as shown by the testimony, it consisted alone in the promise to convey, and the subsequent refusal to comply with the promise; so that it resolves itself into the question, will an action lie to recover damages for the non-performance of the contract?  "An action will not be entertained upon a verbal contract within the statute, upon the ground of fraud in refusing to perform; if it could be done, it would be to permit a plaintiff in the shape of an action upon the contract, but, for a fraud subsequently conceived, and on which the action was not founded, (as is attempted in this case,) which would annul the statute in relation to such contracts."  *Lamborn* v. *Watson*, 6 Harris & Johns. 254; *Lamborn* v. *Moore*, Id. 426.  In these cases, particularly in the latter, the same subterfuge was attempted in framing the declaration.

The principle of this case, insisted upon by us, has, we think,

been adjudicated by this court in *Box et al.* v. *Stanford*, 13 S. & M. 95, in which the court express a very different opinion of the policy of the Statute of Frauds, from that of the Supreme Court of Maryland in the cases above referred to.

The case of *Box* v. *Stanford* was in equity—a court better adapted to grant relief in cases of fraud than a common law court. Fraud is peculiarly a subject of relief in equity, and the anxiety of courts to prevent its success, has, where its existence is object of proof, made extrinsic and parol evidence admissible, (Roberts on Frauds, 78,) yet the court, in *Box* v. *Stanford*, "*take a stand upon the statute itself, refusing to introduce any exceptions.*" If a relief for fraud, in a sale of this character, could be had, the subject-matter of complaint being fraud, a court of equity would certainly be a proper, or suitable tribunal, in which to seek redress.

Any other view of the Statute of Frauds than the one here insisted upon, would be productive of all the evils which induced the enactment of the statute in England, and in most of the States of the Union. The object of the statute was to prevent *verbal sales of land* for a longer period than one year, and to *prevent perjury* in proving such sales. If an action of this character will lie, by giving it a name—fraud—then there must be *parol proof of the contract*, for that is the gist of the action, and without it there would be no damages, which opens the door to *perjuries*. This would make the statute entirely nugatory and worthless.

The books do not furnish (we think,) an example of such a case as this being sustained, except the case of *Bell* v. *Andrews*, 4 Dallas, 143, and in this case the court base their opinion upon the fact, that the Statute of Frauds and Perjuries is not in force in the State of Pennsylvania. See Statute, 29 Chas. 2, c. 3, which is substantially our statute, (Roberts on Frauds, Appendix, 468,) compared with the Pennsylvania statute. (Roberts on Frauds, Appendix, 504.)

2d. The instruction given by the court is certainly wrong. It assumes an action will lie for the non-performance of a verbal contract, even without the subterfuge adopted by the pleader in his anomalous complaint, bill or declaration.

This is the instruction:—" If the jury believe that Welch contracted *verbally* with Lawson to sell him the land, and Lawson in pursuance of such contract, was induced by defendant to enter upon the premises, and Welch afterwards directed Lawson to leave the place, or refused to execute the parol contract, the jury must find for the plaintiff the amount of damages he (Lawson) sustained by such conduct of Welch, *whether Welch intended to defraud him or not.*"

The question of fraud could not then be considered by the jury. The only question left to the consideration of the jury was, the making of the verbal contract, its subsequent non-performance, and the consequent damages. It is certainly unnecessary to argue this question further, even if the contract had been in writing. The Supreme Court of Kentucky, in thê case of *Rutledge* v. *Lawrence*, 1 A. K. Marshall's Rep. 396, say, " In an action for breach of covenant to convey lands, fraud on the part of the vendor will not be presumed, unless proved." Fraud is always a matter of proof like any other fact. The court must have been of the opinion that these facts, set forth in the instruction, constituted frauds in law, and such being the case, such an action would lie for fraud in law. We have already seen such an action will not lie, and if it would, the fraud would certainly be a matter of proof; otherwise, the proof of the fact of the verbal sale of land, and its non-performance, would entitle plaintiff to damages.

*D. L. Herron* for defendant in error.

The causes of error assigned are, First. That the court below erred in overruling the demurrer to the complaint and pleas; which raised the point, whether or not the ground of complaint comes within the Statute of Frauds.

By reference to the complaint, it will be perceived by the court, that the plaintiff sets up that by the fraud and deception of the defendant, he was induced to take possession of the land, in doing which, he sustained the special injury of which he complains.

The case of *Box* v. *Stanford*, 13 S. & M. 95, is cited by counsel. But this case has no analogy to that, and the principle there laid down has no application. That was a bill filed on the contract

for specific performance; in the case at bar, it is not sought to enforce the contract, or to charge the defendant with the contract, or sale of lands, tenements, hereditaments, or any interest in or concerning them, but to recover damages occasioned by the fraud and deception of the defendant. The suit here has nothing to do with the contract, further than that it devolved on the plaintiff to show the deceit practised upon him, by which he sustained the injury, which could be shown as well by showing what damage he actually sustained in executing a voidable as a valid contract. *Little* v. *Martin*, 6 Wend. 221.

To illustrate this position more fully: A. agrees to convey to B. a tract of land, in consideration of certain services to be performed by him. The services are performed by B., but A. refuses to convey the land, and avoids the contract by the Statute of Frauds. This he could do; but, I apprehend, it will not be controverted, that B. could recover the value of his services; but to do this, he would have to prove the terms of a voidable contract, otherwise, he has no remedy. The same may be said where the consideration has been paid on a parol contract by the vendee, and the vendor afterward abandons. So that parol evidence of agreements in relation to land, is *inadmissible only* when some interest is to be acquired in the *land itself*. 7 Cowen, 92.

While it is true, as in the case of *Box* v. *Stanford*, a Court of Chancery would not enforce specific performance, I apprehend it would decree compensation to the vendee for any expenses (as for instance, improvements made,) incurred on the faith of such agreements. *Fox's Heirs* v. *Langley*, 1 Marshall, 388; *M'Crackin* v. *Sanders*, 4 Bibb, 511; *Hamilton* v. *Hamilton*, 5 Litt. 28; Ib. 94; 4 Bibb, 195; 6 Monroe, 557.

It has been settled in Massachusetts, that assumpsit will lie against a vendor who abandons a parol contract to convey lands, for the improvements put on the land by the vendee; 1 Pickering, 328, the case of *Kidder* v. *Hunt*; and that the Statute of Frauds, would interpose no obstacle. *Demom* v. *Bennet*, 14 Mass. 268.

By reference to the case of *Lamborn* v. *Watson*, relied upon by appellant's counsel, we find that that suit was upon the contract

itself. Watson had made a contract to bid off the land for, and on account of Lamborn, and the suit was upon this agreement.

The court, in that case, admit, "that if by the deceit, misrepresentation, or fraud practised by the defendant, the plaintiff was tricked into a false confidence, and seduced into a contract, by which he had lost his property, the action would lie;" which is the very case stated in plaintiff's complaint.

But again, in the case of *Kidder* v. *Hunt*, cited above, that while it is true that assumpsit will not lie on the contract itself, for damages, yet where the party has been put to expense, as to his part of the contract, under circumstances which would amount to fraud by the other party, case might lie.

The Statute of Frauds is never allowed as a protection to frauds, or as a means of seducing the unwary into false confidence to their injury. *Jenkins* v. *Eldridge*, 3 Story, 181.

But as before intimated, the Statute of Frauds only prohibits the bringing of suits upon parol contracts for the land; here we are not seeking to recover the land, but compensation for the special injury which the plaintiff sustained by the fraudulent, deceptive, illegal, and oppressive conduct of the defendant. The gist of the action is the fraud and deceit of the defendant.

The ancient maxim of the law, that fraud without damages, or damages without fraud, will not found an action, but where both concur an action will lie, is as sound as it is old. Indeed it is founded in the present principles of morality, and has been established to be the law, both in England and in the most of the United States, and by this court, in the case of *Cloptar et al.* v. *Cozart et al.*, 13 S. & M. 366; *Pasley* v. *Freeman*, 3 D. & E. 51; *Barrey* v. *Dewey*, 13 Johns. 226; *Upton* v. *Vail*, 6 Ib. 181. In the case from 13 Johnson, the court say it is not even necessary to state the contract. The case of *Upton* v. *Vail*, was for fraudulently representing that one Brown was solvent. The Statute of Frauds was set up as a defence, but Chancellor Kent determined that the action being for the fraud, the statute had no application.

It is submitted, that the instruction given was strictly within the decision of *Cloptar* v. *Cozart*,—that if relying on the faith

of the promise of the defendant that he would carry out the contract, the plaintiff sustained the special injury complained of, he was liable, whether he intended to defraud him or not. It was a constructive fraud, whether intended or not. 13 S. &. M. 368.

FISHER, J., delivered the opinion of the court.

The plaintiff below brought this action in the Circuit Court of Yalobusha county, to recover damages occasioned by the defendant's refusal to consummate a parol agreement between the parties, in regard to a tract of land, which it is alleged the defendant agreed to sell to the plaintiff.

The most important question for consideration arises upon the demurrer of the defendant to the complaint of the plaintiff. The complaint alleges that the parties had been negotiating for some time, in regard to the contract, and that the plaintiff finally made a definite offer of $1000 for the land; that the defendant asked for time to consider of the proposition; and that he afterwards, on the 20th of December, 1854, sent a messenger to the plaintiff, and informed him that his proposition was accepted; that he could take immediate possession of the land; and that the parties would, at some convenient time thereafter, enter into the necessary writings evidencing the contract; that the plaintiff, confiding in the good faith of the defendant, accordingly took possession of the land, and removed his family and entire personal property, a distance of about fifteen miles, on the premises; that he, some short time thereafter, notified the defendant of his, plaintiff's, readiness to close the contract, according to the understanding between the parties; but that the defendant, without assigning any reason, refused to complete the contract, and forced the plaintiff to abandon the possession, and to seek a residence elsewhere, at a season of the year when it was difficult to obtain one. The complaint then proceeds to state that the defendant, from the first inception of the contract, intended to commit a fraud upon the plaintiff, and did not intend to carry out his promise to consummate the agreement of the parties, by writing, as was understood between them; and finally, to set forth the manner in which the plaintiff had been injured.

Welch *v.* Lawson.

The demurrer to the complaint proceeds upon the ground that the action was brought upon the contract of the parties in regard to the purchase or sale of the land, and the contract not having been reduced to writing, could neither be enforced by the plaintiff, nor violated by the defendant, so as to give to the plaintiff a cause of action. If it were true that the action was brought to recover damages resulting merely from a violation of the parol agreement, the demurrer should have been sustained. But such was not the nature of the action. It was intended to recover damages resulting from the fraudulent conduct of the defendant. The plaintiff was seeking compensation for his trouble and loss of time, and not compensation for the loss of a bargain, in not getting the land, about which the parties had a parol understanding. The plaintiff merely said to the defendant, pay me for my trouble and loss of time, occasioned by your fraud or bad faith; I ask nothing for the loss of my bargain, but only to be placed in the same situation in which I stood before I trusted you. Thus viewing the action, we are of opinion that the demurrer was properly overruled. Almost all contracts must go through various stages before they are finally consummated; and whether a party will be liable for a breach of faith before the final consummation of the contract, must depend upon the extent to which he induced the other party to trust him. As, for instance, suppose a man at Jackson is negotiating with a man at Columbus, for the purchase of a tract of land, and the parties, understanding the terms of the proposed contract, the one at Columbus should say to the other at Jackson, that if he would come to the former place, the contract should be closed by writing, as understood between them, would not the party incurring the expense and trouble thus occasioned, have a clear right to compensation for such trouble, loss of time, and expense, if the party at Columbus should refuse, without sufficient reason, to comply with his promise? No good reason can be assigned why an action could not be maintained in such a case. The party went not to make, but to close a contract. He would not go to Columbus merely to ascertain whether such a contract could be made, but to give legal form to one already understood between the parties.

The case would fall under a familiar rule—that he had incurred expense and trouble at the request of the defendant—and a right to compensation would follow as a matter of course—not for the loss of the bargain, but for the loss actually sustained, or for the trouble and loss of time incurred. It is a salutary principle of law, that every man is bound to the observance of good faith to the extent that he knows that he is trusted; and it is not necessary to hold him liable that he was not in a situation to be benefitted; he must act so as not to injure another by his conduct. Applying the principle to this case—the defendant knew the extent to which he was trusted, and had, by his own act, secured the confidence of the plaintiff. He could not be ignorant of the trouble and expense which would necessarily be incurred by the plaintiff if he reposed such confidence in the assurances of the defendant, as one man may reasonably repose in another. Under such circumstances, while it is unquestionably true that no action can be maintained, either to recover damages for the loss of the land, or bargain, or for a specific performance—yet to hold that the action cannot be sustained to recover for the injury or loss already named, would be equivalent to saying that the subject was one in regard to which fraud or bad faith could not be practised.

Having disposed of the question arising on the demurrer, but little remains to be said in regard to the other questions. The defendant, in his answer, relied upon the Statute of Frauds as a defence, and the court sustained a demurrer to this answer; what has already been said, disposes of this question. The action not being founded upon a contract required to be evidenced by writing, a plea that the contract was not in writing would of course be insufficient.

In conclusion, it is only necessary to say as to the other point, that the verdict is fully sustained by the testimony.

Judgment affirmed.