## JOHN CAIN v. THOMAS KELLY.

1. VENDOR AND VENDEE.  *Statute of Frauds.  Deceit.*
   The vendee of land under a parol agreement can recover only for loss
   directly incurred by reason of the vendor's fraud, and upon a state
   of case which would sustain an action for deceit as described in
   *Sims* v. *Eiland, ante,* 607.

2. SAME.  *Parol contract for sale of land.  Measure of damages.*
   He cannot recover for losses sustained by any thing which occurs
   between himself and the vendor after he hears of the latter's un-
   willingness to reduce the contract to writing because of doubt as to
   his right to sell the land.

APPEAL from the Circuit Court of Carroll County.

Hon. W. COTHRAN, Judge.

In this action of trespass on the case for damages sustained
by fraud and deceit practised by the appellant in refusing to
execute a parol sale of land to the appellee, the former pleaded
not guilty.  The appellant was, as the appellee knew, when
they made the contract, trustee under a will devising the land,
and on Dec. 31, 1878, shortly afterwards, he notified the
appellee that he doubted his power, when the question was by
agreement referred to an attorney, who decided that the
trustee had no power to sell.  The plaintiff, who had entered
upon and improved the land and put laborers and stock thereon
before Dec. 31, 1878, made some expenditures afterwards, and
by the verdict recovered for all.

*T. H. Somerville* and *Monroe McClurg,* for the appellant.

The case of *Welch* v. *Lawson,* 32 Miss. 170, should be
restricted to the state of facts there involved.  The vendor is
not liable if he acted in good faith.  *Baldwin* v. *Munn,* 2 Wend.
399.  As no part of the purchase-money was paid, the recovery
should be nominal.  *Conger* v. *Weaver,* 20 N. Y. 140.  The
damages were excessive, for after Dec. 31, 1878, the plaintiff
should have made no more expenditures.  *Vicksburg Railroad*
v. *Ragsdale,* 46 Miss. 458; *New Orleans Railroad* v. *Echols,*
54 Miss. 264.

*J. B. H. Hemingway,* on the same side, argued orally and in
writing.

The plaintiff's damages should have been limited to such as necessarily resulted from the breach of the contract, and to expenses incurred before the breach. *Paine* v. *Sherwood,.* 19 Minn. 315; *Freeman* v. *Morey*, 41 Maine, 588; *Hamilton* v. *McPherson*, 28 N. Y. 72; *Pounsett* v. *Fuller*, 17 C. B. 660; *New Orleans Railroad* v. *Echols*, 54 Miss. 264. As the defendant believed that he had title and acted in good faith, the plaintiff cannot recover beyond his actual expenses. Recovery for a breach of contract, where there is no fraud, must be confined to such damages as were within the contemplation of the contracting parties. *Paine* v. *Sherwood*, 19 Minn. 315; *Devlin* v. *Mayor*, 63 N. Y. 8.

*Nugent & McWillie*, for the appellee.

The facts show a clear case of fraud and deceit, and establish more than is necessary in order for the plaintiff to recover. *Clopton* v. *Cozart*, 13 S. & M. 363; *Welch* v. *Lawson*, 32 Miss. 170. Although the defendant testifies to a good defence, yet the conflict of evidence has been settled against him by the verdict. The damages are not excessive, but are the actual loss sustained by the plaintiff on account of the defendant's deceit. He was following out the rule announced in *New Orleans Railroad* v. *Echols*, 54 Miss. 264, by making the most he could out of the wreck caused by the defendant.

*T. A. McWillie*, on the same side, made an oral argument.

Campbell, J., delivered the opinion of the court.

In *Welch* v. *Lawson*, 32 Miss. 170, the action was maintained because of the bad faith or fraudulent conduct of the seller who refused, without just cause, to consummate the parol contract. The utmost limit of the doctrine is that a person who has failed to obtain what his parol agreement induced him to expect shall be entitled to recover for any loss directly incurred *by the fraud of the party dealt with*. The case must be such as to sustain an action for *deceit*, for the rules applicable to which reference is made to the opinion in *Sims* v. *Eiland*, *ante*, 607. In this case the damages are greatly in excess of any legal claim of the plaintiff. He is not entitled to recover any thing for losses incurred by him, by reason of any thing occurring between him and the defendant after Dec. 31, when

he learned of the unwillingness of the defendant to reduce the contract to writing because of doubt as to his right to sell the land.   He is entitled to recover only for what occurred prior to that and for deceit practised by the defendant, if he shall establish it.

*Judgment reversed and cause remanded.*