## W. J. YEAGER v. JOHN KNIGHT.

INFANT.    *Sued for breach of contract for sale of land. Demurrer to plea. Practice.*

It is error for the Circuit Court, in an action to recover damages for the refusal of the defendant to perform a parol contract for the sale of land, to sustain a demurrer to the defendant's plea that he was an infant when the contract was made. Such plea should be replied to, because unanswered it presents a good defence.

*Semble*, that if the plaintiff can aver and prove that he was induced, by the positive affirmation of the defendant, to believe that he was of age when the contract was made, and that the defendant, at the time, sought to entrap him into the contract, then secretly intending to repudiate it to his own profit and to the plaintiff's loss, he would be liable for the damage resulting from his fraud.

APPEAL from the Circuit Court of Leake County.
Hon. A. G. MAYERS, Judge.

The case is sufficiently stated in the opinion of the court.

*A. O. Lucket, Jr.,* for the appellant.

We submit that the appellee is in .no better condition or

situation without a writing than he would be with one, and that if appellant had made and executed his bond, conditioned to make title, upon the payment of the purchase-money, the appellee could not enforce a specific performance of the contract, or sue to recover damages resulting to him by reason of the refusal of appellant to comply with the terms of the contract. The appellant, at the time of making the contract, was an infant, and his contract was voidable at his election, if not absolutely void. The plea of infancy was a good plea, and the court below erred in sustaining the demurrer to it. We contend that the questions of infancy and the fraud of the infant should have been left to the determination of the jury, and that the appellee should have been required to have replied to our plea of infancy, either in denial or in confession and avoidance, when the whole matter of infancy and fraud of the infant, and his liability, etc., for the same, could have been submitted to the jury under proper instructions of the court.

*G. M. C. Davis,* for the appellee.

The court did not err in sustaining the demurrer to defendant's plea, because infancy is intended to be used as a shield, and not as a sword; as a shelter under which the young and inexperienced may take refuge from the cheats and impositions sought to be practised upon them by the evil and designing, and not as a means by which the sharp trickster, seeking an unconscionable advantage of his neighbor, may perpetrate his nefarious designs, and then call on the courts to sustain him. See 54 Miss. 121.

Chalmers, J., delivered the opinion of the court.

This is an action to recover damages arising from a refusal to carry out a parol contract for the sale of land, and is evidently based upon the cases of *Lawson* v. *Welch,* 32 Miss. 170, and *Cain* v. *Kelly,* 57 Miss. 830. To the declaration the defendant (the parol vendor of the land) pleaded that he was an infant when said parol agreement was entered into,

and to this plea the court sustained a demurrer. This action of the court was erroneous. There are numerous cases holding that actions of tort may be maintained against infants, though the wrongs complained of were connected with and grew out of contracts. There are many also which deny that such suits can be maintained. The authorities on either side are partially collected and commented on in *Ferguson* v. *Bobo*, 54 Miss. 121.

It is manifest, however, that no action will lie simply by reason of the refusal of an infant to carry out an executory contract, nor because of his disaffirmance, after majority, of his executed contracts. This is always his legal right, of which all who deal with him are bound to take notice, and no charge of fraud or bad faith can be imputed to him on account of it. *Brantley* v. *Wolf*, *ante*, p. 420. In the present case the infant vendor would have had a perfect right to refuse to execute a deed, even though he had signed a bond obligating himself so to do, and certainly his rights are not less under a parol contract. The plea should have been replied to.

If plaintiff can aver and prove that he was induced to believe that defendant was of age when the contract was entered into, by the positive affirmation of defendant to that effect, and that defendant sought at the time to entrap him into a contract which he then secretly intended to repudiate, to his own profit and to plaintiff's loss, the case would seem to fall within that class of cases which hold infants liable for their frauds, even though they originate in contracts. Whether we would in an action at law follow the cases which affirm, or those which deny, this doctrine, we will not decide until the case comes properly before us. We have already given our views on the subject, as to suits in chancery. *Ferguson* v. *Bobo*, *supra*; *Brantley* v. *Wolf*, *supra*.

Reversed and remanded.