MARY HARRIET OSTRANDER *v.* CLEMMIE QUIN ET AL.

INFANTS. *Contracts. Misrepresentation of age. Estoppel. Mortgage. Necessaries.*

> Where a borrower obtained a loan of money on the faith of his representation that he was an adult, he cannot defeat a mortgage given to secure the loan because of his infancy at the time, especially where the money was used by him in the purchase of necessaries.

FROM the chancery court of Lowndes county.

HON. JAMES F. McCOOL, Chancellor.

Mrs. Ostrander, appellant, was complainant in the court below; Mrs. Quin and others were defendants there. From a decree in defendants' favor the complainant appealed to the supreme court.

Miss Mary Harriet Edmondson, now Mrs. Ostrander, the appellant, on the 28th of December, 1899, being at that time only eighteen years, five months and twenty-four days old, but sufficiently matured to be easily believed to be an adult, bor-

rowed money from the appellee, Mrs. Quin, and she executed a deed of trust to secure the loan, one Cooper, an appellee, being the trustee therein. Miss Edmondson used the money so borrowed in the purchase of necessaries. She married one Ostrander before the beginning of this suit. The other facts are stated in the opinion of the court.

*Denton & Cox, Betts & Sturdevant,* and *Frank Johnston,* for appellant.

Cooper, trustee, had actual and positive notice of the minority of appellant at the time she executed the deed of trust to him, and this notice is imputed to Mrs. Quin, the beneficiary. *Pope* v. *Pope,* 40 Miss., 516 (44 L. R. A., 306). We need not cite authorities to show that notice to an agent extends to and binds his principal. 14 Am. & Eng. Ency. Law, 111; 1 Am. & Eng. Ency. Law, 1144. The trustee sustains the very closest fiduciary relationship to the beneficiary in his trust deed, and there is no reason why the rule of notice to an agent should not also apply to a trustee. The trustee is really the agent of both the other parties. 26 Am. & Eng. Ency. Law (1st ed.), 878.

The deed under which appellant derived her title to the land involved in this litigation recited the fact that she was eighteen years of age on July 4, 1899, and this deed, being recorded, gave notice to appellee of all facts recited therein. A purchaser of land (or mortgagee) is conclusively presumed to know what appears on the face of the title papers under which he claims. This presumption extends to all facts stated in all recorded deeds throughout the whole chain of title, and the purchaser is put upon inquiry as to any facts even suggested therein. He cannot even rely on statements made to him by his grantor which contradict such recitals. 24 Am. & Eng. Ency. Law, 144; *Ib.,* 151; 23 Am. & Eng. Ency. Law, 508. See also *Deason* v. *Taylor,* 53 Miss., 697; *Stewart* v. *Matheny,* 66 Miss., 21; *Allen* v. *Poole,* 54 Miss., 323; *Plant* v. *Shyrock,* 62 Miss., 821; *Gordon* v. *Sizer,* 39 Miss., 805.

Mrs. Quin had known Mrs. Ostrander from childhood, and was sufficiently acquainted with her to know that the representations as to her age were false (conceding that such representations were made, which is denied), or at least Mrs. Quin had sufficient information to suggest further inquiry, and she cannot complain if she has suffered by reason of her own negligence. This rule is recognized in equity as well as law. 14 Am & Eng. Ency. Law, 115 to 117. A defrauded party cannot complain where he has ample means of knowing the truth. 37 L. R. A., 597, notes.

Before appellee can complain of fraud, she must not only show that the statement made by appellant as to her age was false and that it was made with intent to deceive her, but she must also show that it actually did mislead and deceive her; or, in other words, that sh erelied on the statement. 14 Am. & Eng. Ency. Law, 106; 16 Am. & Eng. Ency. Law, 293.

If appellant made the alleged representations, thinking that she was of age because she had arrived at the age of eighteen years, she is not estopped to disaffirm her act. *Brantley* v. *Wolf,* 60 Miss., 420. It is only designing fraud which will ever estop an infant, and such fraud must be affirmatively and positively shown. *Demourelle* v. *Piazza,* 77 Miss., 433.

It cannot be disputed that appellant may disaffirm her act as to Cooper, the trustee, because he stated positively that he knew she was not twenty-one years old. This being true, he had no right to foreclose the trust deed given by appellant, and the injunction sued out herein to prevent him from doing so should be sustained, regardless of Mrs. Quin's connection with the case. He is the holder of the legal title, and if the deed of trust may be disaffirmed as to him, it may be disaffirmed altogether.

There is no merit in the contention that the money received by appellant from appellee was furnished her to buy necessaries. *Brent* v. *Williams,* 79 Miss., 355.

*William Baldwin,* for appellee.

The court will observe the distinction: Mrs. Quin is not suing appellant, Mrs. Ostrander, in a court of law, for her land, with the plea of infancy set up. That is not the question at all. It is not contended that where suit is brought in a law court against a party for his or her land, based upon a deed executed during minority, that the plea of infancy must be accompanied by a tender of the price received. Such is not claimed to be the law. But it is claimed that where a minor has, under the facts disclosed by this record, procured the money of another, that the minor having become of age cannot come into a court of equity and ask its aid without returning the money. 1 Pomeroy Eq. Jur., sec. 391; 1 Story Eq. Jur., sec. 641, note e; *Deans* v. *Robertson,* 64 Miss., 197.

The loan of money secured by the deed of trust sought to be cancelled was procured by such fraudulent representations as to complainant's age that a court of equity will not permit her to set up her alleged infancy to the injury of Mrs. Quin. This court in *Ferguson* v. *Bobo,* 54 Miss., 134, upon this subject, has this summary of the law—to wit:

"It may be stated as a general proposition, fully borne out by the authorities, that whenever an infant who has arrived at the years of discretion, by direct participation or by silence, when he was called upon to speak, has entrapped a party, ignorant of his title or his minority, into purchasing his property from another, he will be estopped in a court of chancery from setting up such title." Citing authorities. And continuing: "How long before this doctrine will be fully adopted by courts of law, as so many equitable principles have been, the future history of our jurisprudence must determine." 16 Am. & Eng. Ency. Law [2d ed.), 292.

It is submitted that it would be hard to find a case calling more strongly for this beneficent principle of equity and common honesty than the case at bar, where this appellant has by the grossest misrepresentation procured the money of an

old widow, who was trying to befriend her, and coming into a court of equity and asking the court to hold the old lady while she robbed her.   It is contended that because Cooper, the trustee, in the deed of trust, knew that the maker of this deed of trust was under the age of twenty-one years, that such knowledge by the trustee is imputable to the beneficiary, Mrs. Quin, and the case of *Pope* v. *Pope,* 40 Miss., 516, is relied on to sustain the contention.   It is submitted that that case decides no such proposition.   The decision of the court in *Pope* v. *Pope* was to the effect that, inasmuch as the beneficiary in that deed of trust was not a purchaser for value, the security being pre-existing, that fraud in the grantor being proved the instrument was not protected by the *bona fides* of the beneficiary.

After so deciding, the court then goes on to state that another weakness of the case was that, inasmuch as the trustee in that case was acting "by agreement" for the beneficiary, and in another place "acting under the authority" of the beneficiary, that notice to him was notice to the beneficiary.

The case is simply an enunciation of the familiar principle that notice to an agent is notice to his principal.   But even if the principle contended for by counsel be true—and such is not conceded, but denied most emphatically—that notice to a trustee in a deed of trust is in all cases notice to the beneficiary, it is submitted that this case is not one calling for its application or permitting its application.

It certainly could not be applied in a case like this, where the equity of the beneficiary is, that she, the beneficiary, was deceived and misled by the express misrepresentations of the grantor.

CALHOON, J., delivered the opinion of the court.

This record presents a bill by appellant to enjoin a sale of land by the trustee in a trust deed to secure appellee, without tender of the money had, on the ground that appellant was a minor when she made it.   Mrs. Quin's answer sets up igno-

rance of the age of Mrs. Ostrander, and that she (Mrs. Quin) was a widow, of limited means, and that appellant came to her and said she was in great need and wanted the money for the necessaries of life; that she was of age and competent to make the deed; and that, believing and relying on this statement, she loaned the little money she had, and that otherwise she would not have done so; and that appellant did use it for the necessaries of life. Mrs. Ostrander was a mature woman, over eighteen years of age, and of discretion. The testimony was conflicting, but the chancellor manifestly thought, from the evidence, that the answer was sustained, and that the misrepresentations were made and relied on, and he decreed for appellees. The willful misrepresentation of age by which money is had of another on a mortgage, and which deceives the lender, is a bar to an avoidance of it, on the solicitation in equity of the borrower, especially where the fruits of the fraud are not tendered back. *Ferguson* v. *Bobo,* 54 Miss., 121; *Levy* v. *Gray,* 56 Miss., 318; *Brantley* v. *Wolf,* 60 Miss., 430; *Yeager* v. *Knight,* 60 Miss., 732; *Wilie* v. *Brooks,* 45 Miss., 542; *Upshaw* v. *Gibson,* 53 Miss., 341.

*Affirmed.*

WHITFIELD, C. J., specifically concurring.

I concur on the specific ground that the chancellor found, on the evidence, that the money borrowed was used in the purchase of necessaries.