HENRY COMMANDER v. HEZEKIAH BRAZIL.

[41 South. Rep., 497.]

INFANTS.  *Contracts.  Frauds.  Estoppel.  False representations as to age.*

> An infant representing himself to be adult, his appearance not con-
> tradicting him, and thereby enabling himself to enter into a con-
> tract and enjoy its benefits, the party dealing with him believing
> him to be adult, will be estopped to plead infancy at the time of
> the execution of the contract as a bar to its enforcement.

FROM the chancery court of Monroe county.

HON. BAXTER McFARLAND, Special Chancellor.

Brazil, the appellee, was complainant in the court below;
Commander, the appellant, was defendant there. From a decree
in complainant's favor the defendant appealed to the supreme
court.

Appellant, Commander, and his stepfather, McDaniel, entered
into business as liverymen, and purchased from the wife of
appellee, Brazil, certain horses, carriages, etc., giving notes for
the purchase money, which notes were secured by a trust deed on
the personal property transferred, and as additional security
embraced in said trust deed a tract of land belonging to appel-
lant.  McDaniel afterwards died (according to the allegations
of the bill, intestate and insolvent), and the payment of the notes
having failed, and the personal property conveyed in said trust
deed having been sold, and the amount realized from the sale not
being sufficient to liquidate said notes, Mrs. Brazil, wife of ap-
pellee, filed the bill in chancery in this case, praying an account-
ing to ascertain the amount due on the indebtedness, and for the
sale of the land and the application of the proceeds to the pay-
ment of the balance found to be due.  Pending the suit, the
appellee, having acquired the claim by assignment from his wife,

became a party to the suit.　The appellant, Commander, filed a plea setting up that he was an infant when the contract was made, which, being overruled by the court, he answered, making his answer a cross-bill, and denied that he received any benefits from the property purchased by him and his stepfather, and charged that the complainant knew of his infancy at the time the trust deed was executed, which facts were denied by the cross-defendant.　The court below rendered a decree upon the pleadings and proofs granting the relief prayed by complainant, ordered the land sold, and the payment out of the proceeds of said sale of the amount due appellee.

*W. H. Clifton,* for appellant.

The contracts of infants, except for necessaries which their guardian fails to supply, impose no liability at law upon them which is not voidable at their election.　They may be liable in a suit at law for deceit or fraud, but the action must be in trespass or tort and not on the contract.　Fraud, however, will prevent the disability from being pleaded in equity.　If an infant of comprehensive age procure an agreement or contract to be made through false and fraudulent representations that he is of age, a court of equity will enforce his liability as though he were an adult.　*Ferguson* v. *Bobo,* 54 Miss., 121; *Brantley* v. *Wolf,* 60 Miss., 420; *Yaeger* v. *Knight,* 60 Miss., 730; *Upshaw* v. *Gibson,* 53 Miss., 341.

In every sale of a chattel, if possession be at the time in another and there be no covenant of warranty of title, the rule of *caveat emptor* applies, and the party buys at his peril.　But if the seller has possession of the article sold and he sells as his own, and not as agent for another, and for a fair price, he is understood to warrant the title.　Benjamin on Sales, 3 Am. ed., pp. 627, 639; *Long* v. *Hickinbotham,* 6 Cush., 787, 789.

Where in the sale of personal or real property the vendee protects himself by covenants of warranty and is let in possession,

he cannot defend himself against the payment of the purchase money without a previous eviction, unless in cases where there has been fraud.    2 Kent's Comm., 471; *Brown* v. *Smith,* 5 How. (Miss.), 395; *Wafford* v. *Ashcraft,* 47 Miss., 646.

The rule is different though where the grantor is insolvent and title invalid.   *Waddell* v. *Latham,* 71 Miss., 357 (s.c., 15 South. Rep., 32) ; *Wailes* v. *Cooper,* 24 Miss., 232.

Where the suit for purchase money of chattels is brought by a fraudulent or insolvent grantor, the grantee in possession under a plea of failure or want of consideration may show a breach of the warranty, by proof of an invalid title or of encumbrances on the property.   *Dancy* v. *Suggs,* 46 Miss., 606.

*George C. Paine,* for appellee.

The decree of the court below is based on the facts as disclosed by the testimony.    This being true, this court must accept the findings of the chancellor, unless it is clearly and manifestly wrong.    *Derdeyn* v. *Donovan,* 81 Miss., 697 (s.c., 33 South. Rep., 652) ; *Melchoir* v. *Kahn,* 38 South. Rep., 437.

The court will observe that Chancellor Muldrow, by his decree, settled the plea of infancy.    His decree was correct under the law as announced in the recent case of *Ostrander* v. *Quin,* 84 Miss., 230 (s.c., 36 South. Rep., 257).   .

MAYES, J., delivered the opinion of the court.

We think this case was correctly decided on the facts, and would affirm it without any opinion were it not that there is involved the question as to whether or not a minor may make false representations as to his age, thereby inducing a contract with another person and accepting the benefits to be obtained under the contract, and afterwards escape liability by proving that he was not of age at the time of making the contract.    The case of *Ostrander* v. *Quin,* 84 Miss., 230 (36 South. Rep., 257), comes very near deciding this question; but, inasmuch as there is some

question as to whether the decision was based on the ground that the minor in that case used the money for necessaries, and because it was so used the court held him liable, we deem it necessary to remove all doubt on this subject. The record in this case shows that W. H. Commander was nineteen years and nine months old at the time he bought out the livery stable and executed the deed of trust in question; that he was asked the direct question, two or three times, while negotiations were being held, as to his age, and he stated he was of age; that appellee made the trade with him in good faith believing him to be twenty-one years of age, and on faith of the contract turned over to him the entire livery business—the appellant executing at the same time a deed in trust on the live stock, buggies, etc., so sold by appellee to him, and giving as additional security a deed of trust on fifty acres of land. The appellant having failed to pay according to his contract, and the personal property sold him by appellee having been sold under the deed in trust and not bringing enough to satisfy the debt, the land is now resorted to. It may be stated in this connection that the proof shows that the personal property sold had been much abused by misuse and neglect. Under these circumstances, can appellant successfully set up his minority as a defense to foreclosure proceedings?

Perhaps there is no subject in the law that has received more elaborate discussion, or wherein there is more hopeless conflict of authority, than the subject now presented for decision by this court. It may be stated that the great weight of earlier authorities on this subject hold that a minor cannot be held liable on his contract, but the tendency of all modern text-books and decisions is in favor of holding a minor responsible under his contract, where he deliberately makes a false representation as to his age, and in this way induces another to contract with him and accepts the benefits of the contract. Whatever may be the weight of earlier authorities on this subject, common justice outweighs the unsatisfactory distinctions attempted to be set us as

reason why a minor should not be held liable under these circumstances. / It may be said that all authorities, with hardly an exception, and regardless of the way that the different courts have held upon the subject, recognize the right of the proposition; for while they hold a minor cannot be sued on his contract, yet they hold that he is liable for his tort and make him responsible in damages for his false representations.    Other authorities lay down the rule that he may not be sued at law, but he may be sued in equity.    But it matters not in what court the suit may be brought or what the form of the action, the thing done is the subjecting of the minor's property to the payment of an obligation that his fraudulent conduct has created.    If the property of a minor is to be subjected to the payment of debt or damages thus created by him by his fraudulent misrepresentation, we fail to see what protection is given the minor by adhering to the distinction of form attempted to be drawn by many of the earlier authorities. / As it is aptly expressed in the case of *Rice* v. *Boyer*, 108 Ind., 472 (9 N. E. Rep., 420; 58 Am. Rep., 53): "There is a connection between contract and tort in every case of bailment—in the bargain and sale of personal property and of the purchase and sale of real estate; and if an infant is not responsible for his fraudulent misrepresentation of his age in connection with these transactions, there is not within the whole range of business transactions any case in which he could be made liable for his fraud."    The tendency of courts at this present time, and of legislation, is to break away from mere forms and to go to the real substance of a controversy, irrespective of forms, and administer the law according to substantial right, unhampered by the technicalities of the older authorities.

If a minor is to be held liable for his fraud, and his property is to be taken to compensate in damages a person who has suffered damage by the minor's deceit, we fail to understand how it could be made any easier on the minor for this to be done

through an action in tort, instead of on his contract, if the same results follow. Minority is given for the protection of a person under age, but it cannot be used as a weapon with which to commit fraud. When a minor has reached the stage of maturity in years and physical appearance calculated to deceive a person of ordinary prudence, and the minor does deceive such person as to his age, and asserts that he is of full age, and induces a contract to be made with him, and accepts the benefits of his contract, he will not be heard at any future time to deny that he was of full age at the time the contract was executed, and thereby escape the obligation of his contract, where the party dealing with him has dealt with him believing him of full age. We do not hold that an executory contract may be enforced against an infant who falsely represents himself to be of age, unless some damage has been done to the party with whom he contracts. We do not hold that an infant is estopped by his deed merely. We do not hold that any sort of a contract may be enforced against an infant at any time on account of his false assertion that he is of age, unless the age and appearance indicate such years of maturity as may well deceive the person with whom he deals. We do hold,  however, that when a minor has reached that stage of maturity which indicates that he is of full age, and enters into a contract falsely representing himself to be of age, accepting the benefits of the contract, he will be estopped to deny that he is not of age when the obligation of the contract is sought to be enforced against him. *Ostrander* v. *Quin,* 84 Miss., 230 (36 South. Rep., 257); *Ferguson* v. *Bobo,* 54 Miss., 121; *Levy* v. *Gray,* 56 Miss., 318; *Brantley* v. *Wolf,* 60 Miss., 420; *Rice* v. *Boyer,* 58 Am. Rep., 53; Pomeroy's Equity (3d ed.), 945; 2 Paige on Contracts, § 880; 16 Am. & Eng. Ency. Law (2d ed.), 292.

The chancellor in this case decreed a foreclosure of the deed in trust, with a decree over against the minor for any balance that remained due after the sale of the property if the property did

not bring a sufficient price to pay the debt.     We approve the chancellor's decree *in toto.*

*Affirmed.*

### CONCURRING OPINION.

Calhoon, J., delivered the following concurring opinion.

Recoiling from the multitude of undistinguishable distinctions in the books, I take the law to comport with what is plainly right. Infants are shielded from their own improvidence, and their contracts, as to them, are of no force except for necessaries. But when a minor, whose appearance justifies belief in such statement, induced a contract which is reasonable, by false assurances that he is of the age of majority, he should be, and is, estopped to repudiate it, and should be, and is, compelled to carry it out, or to fully restore the *status quo* by returning what he got and making compensation if he has wasted it.