JOHNSON *v.* MCADORY

No. 40196          June 11, 1956          88 So. 2d 106

454

*F. F. Mize,* Forest; *A. B. Amis, Jr.,* Newton, for appellant.

*O. G. Idom, O. B. Triplett, Jr.,* Forest, for appellee.

Lᴇᴇ, J.

J. T. McAdory sued Harland Johnson in the Circuit Court of Scott County to recover a balance due on a

Plymouth automobile. Subsequently a motion to transfer to the chancery court was sustained. The pleadings were reformed, and, as reformed, they presented an issue as to whether or not Johnson, actually a minor, on October 10, 1953, when he purchased an automobile from McAdory, falsely represented himself to be of adult age, and was then at such stage of maturity as to indicate that he was of full age; and by reason of such misrepresentation obtained from McAdory the automobile on which a part of the purchase price remained unpaid.

At the conclusion of the hearing, the chancellor made a finding of fact and granted a decree for the complainant in the sum of $833.01. The defendant appealed.

The controversy originated in this way: Johnson traded a Chevrolet automobile to McAdory for a Plymouth, paying $300 by check on his account at a bank in the City of Forest. He executed a conditional sales contract for the balance of $2,045.76, payable in monthly installments of $85.24, which contract was assigned to Commercial Credit Corporation. He thereafter paid four of the installments as they became due. Finally, some time after Johnson wrecked the car, it was repossessed because of arrears in payments, and was subsequently purchased on June 14, 1954, by McAdory for $1,100 at a public sale in accordance with the terms of the contract.

McAdory and John Rushing, his bookkeeper, both testified that Johnson represented to them, at the time of the sale, that he was over twenty-one years of age; that he owned the Chevrolet; that he was working in Louisiana, receiving wages of about $90 every ten days, and appeared to be on his own responsibility; that he had the appearance of a mature man over twenty-one years of age; and that they would not have made the trade with him, if they had known that he was not twenty-one years old. In the purchaser's statement, which Johnson signed, his age was shown to be twenty-two. Rushing was asked, on cross-examination, if Johnson had not grown some

in the last two years from the date of the trade to the date of the trial on September 8, 1955, and his answer was, "No, he hasn't changed a bit."

O. S. Redder, an insurance agent, testified that Johnson came to his office on January 24, 1954, to purchase liability insurance on the automobile; that he then represented himself to be twenty-three years old, with another birthday coming up soon; that he later gave his date of birth as May 14, 1930; that Johnson appeared to be at least twenty-one, and from his statement, the witness took him to be twenty-three; and that if he had known he was under twenty-one, he would not have written the policy. The witness also testified that Johnson looked older at the time than a picture of him in School Days 1952-53, which was introduced in evidence; and it was his opinion that Johnson appeared to be twenty-three or twenty-four years old on the day of the trial.

The proof showed that, in addition to the down payment of $300, for which Johnson gave his check, he also paid the four installments to Commercial Credit Corporation by checks on his account at the same bank, and in like manner paid for insurance, which he purchased from W. Q. Stroud.

Mrs. Eula Mae Johnson Freeman, mother of the defendant, testified that her son was seventeen years old at the time of his purchase of the Plymouth. A copy of his birth certificate was introduced as an exhibit to her testimony, and it showed that he was born on August 14, 1936. Thus, according to this evidence, Johnson, on the date of his purchase of the automobile, was actually seventeen years, one month and twenty-six days old.

Johnson testified at first that he told McAdory that he was eighteen; and denied that he told Rushing that he was twenty-two. However, later he admitted that he told both McAdory and Rushing that he was twenty-one. He also admitted that he told Redden that he was

twenty-one; but did not deny that he told him that the date of his birth was May 14, 1930.

██ ██ In Commander v. Brazil, 88 Miss. 668, 41 So. 497, this Court approved the following principle: "* *. * when a minor has reached the stage of maturity which indicates that he is of full age, and enters into a contract falsely representing himself to be of age, accepting the benefits of the contract, he will be estopped to deny that he is not of age when the obligation of the contract is sought to be enforced against him," citing a number of authorities. It was reaffirmed in Lake v. Perry, 95 Miss. 550, 49 So. 569.

The appellant concedes the validity of the above principle, but his contention, by his several assignments of error, is that the evidence did not justify the application thereof. He particularly emphasizes his age, at the time, and attaches much significance to the probative value of his School Days picture, and maintains that the trial court, in its decree, was manifestly wrong.

The chancellor saw and observed all of the witnesses, including Johnson. He was in position to determine the stage of Johnson's maturity at the time of the sale from the comparison by witnesses of his appearance at that time and shortly thereafter, and his unchanged appearance on the day of the trial, as testified to by Rushing.

On the disputed issue, the learned chancellor was warranted in finding that, on the date of the sale, Johnson had reached the stage of maturity that indicated him to be of full age; that he entered into the contract, falsely representing himself to be of full age, and accepted the benefits of the contract; and that he is now estopped to deny that he was not of age at the time.

It therefore follows that this cause must be affirmed.

Affirmed.

*McGehee, C. J.*, and *Arrington, Ethridge* and *Gillespie, JJ.*, concur.