## CIRCUIT COURT OF THE CITY OF RICHMOND

Debra A. Doggett

v.

Robert J. Doggett

March 19, 1986

Case No. N-2080-1

By JUDGE MELVIN R. HUGHES, JR.

The question this case presents is whether plaintiff is entitled to a divorce on the ground of having lived separate and apart without any cohabitation and without interruption for one year pursuant to § 20-91(9)(a), Code of Virginia of 1950, as amended, when she and the defendant husband have lived under the same roof during the one year period.

Upon review of the depositions and the file, it became evident that the parties live and reside at the same address. The Court then asked that supplemental depositions be taken for the purpose of supplying more evidence on the parties' living arrangements. Supplemental depositions were later filed and counsel appeared on January 21, 1986, as requested, for the purpose of discussing whether there is any Virginia authority in a case like this. Since that time the case has been under advisement.

The depositions of plaintiff and her witness reveal that the parties have lived separately in the same house since September, 1981. They come and go separately, not sleeping in the same room, they work during different hours of the day, and they do not "spend any time together as husband and wife," and they have "definitely not reconciled or spent the night together" during this time period. The depositions also state that there has been no cohabita-

tion since then and that the situation has continued without interruption. According to the plaintiff, neither party has moved out because of financial hardship.

I asked counsel to provide any authority in support of the plaintiff's request for a final decree and counsel has cited the case of *Hooker v. Hooker*, 215 Va. 415 (1975), for the idea that separation means more than physical separation. I agree, but *Hooker* stands for the principle that where one of the parties seeks a divorce on the same ground as here, the intent on the part of at least one of them to live separate and apart permanently must be shown to have been present at the beginning of the year period of living separate and apart without any cohabitation.

In *Chandler v. Chandler*, 132 Va. 418 (1922), the Court was met with the issue, *inter alia*, of whether constructive desertion could be found when the parties lived part of the requisite time under the same roof. The case also was concerned with the question of whether the withdrawal of sexual intercourse, without just cause or excuse, without more, could constitute desertion. The Court held that willful withdrawal accompanied by breach and neglect of other marital duties practically destroying home life and rendering the marriage intolerable, constitutes desertion.

Under the circumstances of this case, the parties have lived separate lives since September, 1981. Upon proof that this situation obtains and when there is evidence of intent on the part of at least one of them to be permanently separate and apart without any cohabitation, the divorce of the ground set out in § 20-91(9)(a) should be granted, provided all other requirements are met.

In *Chandler*, the Court quoted a Mississippi case, *Graves v. Graves*, 88 Miss. 671, 41 So. 384 (1906). The following statement should have like force in a separate and apart situation like this under our law upon sufficient proof of the facts and circumstances of the parties' living arrangements: "Abandonment - desertion - may be as complete under the same shelter as if oceans rolled between."

I have entered the decree in this case.