## CIRCUIT COURT OF THE CITY OF RICHMOND

Leslie E. Byrd

v.

Josephine J. Byrd

August 31, 1998

Case No. HI-682-4

BY JUDGE RANDALL G. JOHNSON

This divorce suit is before the court on the plaintiff-husband's motion for an equitable distribution of the parties' marital property and on his motion for entry of a final decree. At a hearing on August 24, the wife argued that equitable distribution could not be awarded and a final decree could not be entered because no ground for divorce exists. The court heard the evidence on equitable distribution and the husband's claimed ground for divorce and took the matter under advisement.

By either party's account, theirs is an unusual marriage. According to the husband, the marriage, celebrated on September 18, 1994, has never been consummated. In fact, he has "not touched" the wife since then. He sleeps in the bedroom "with the door locked." She sleeps in the living room. She spends most of her time at her mother's house and is seldom "at home." In other words, it is the husband's contention that the parties have never actually had a life as husband and wife.

While the wife confirmed the sleeping arrangements testified to by the husband, she denies that they did not consummate the marriage. In fact, according to her, they continue to have a sexual relationship, having had sexual intercourse as recently as a month prior to the hearing. She buys food and cooks for both of them, and she cleans the whole house. While she concedes that theirs is not the typical marriage, she testified that she and her husband do spend social time together and that he sometimes sleeps with her in the living room. While the husband denied ever having sex with her after

the marriage, he agreed that she sometimes buys food and cooks and that she sometimes cleans, but he testified that he does those things, too.

The husband's granddaughter, who testified as the corroborating witness, merely testified that the wife is away from home more than she is at home. She could not say what goes on between the parties when the wife is at home.

Based on the above, the court finds that the parties have not lived separate and apart without any cohabitation and without interruption for one year, which is the only ground relied upon by the husband in seeking a divorce. While this court has granted a divorce based on a one-year separation even when the parties continued to live in the same house (*see, e.g., Doggett v. Doggett*, 5 Va. Cir. 349 (1986)), there must be clear proof of an actual separation. It is not enough that the parties do not engage in sexual intercourse. The separation must be with regard to all of those things that married couples typically do together. No such separation has occurred here.

According to the wife, she and her husband still engage in sexual intercourse. The court believes that testimony. Even if that testimony is not true, however, the court still finds that no separation has occurred. This is true because the parties have not ceased other activities typically shared by husbands and wives. Buying food, cooking for each other, cleaning the house, and spending social time together, no matter how short, are the kinds of things husbands and wives do in a marriage. They are also the kinds of things that rebut the notion that the parties are living separate and apart. The court also finds it interesting that the husband did not file this suit for a divorce until May 29, 1997, almost three years after the marriage. Because the husband has failed to carry his burden of proof, his request for a divorce cannot be granted. And since equitable distribution can only be awarded upon the dissolution of a marriage or the grant of a divorce, it cannot be awarded here.