# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Richard M. Davis

v.

Doris J. Davis

June 30, 1999

Case No. (Chancery) 98-164

BY JUDGE EDWARD L. HOGSHIRE

In this suit for divorce *a vinculo matrimonii* on the grounds of living separate and apart for more than one year, Respondent has filed a motion to dismiss the suit. For the reasons more fully articulated below, this Court grants the motion to dismiss.

### Question Presented

Has the Complainant established the parties in a divorce proceeding have lived "separate and apart" even though they live at the same residence?

### Facts

The parties were married on February 18, 1967. They have one child, who is over eighteen years of age. Since 1985, the parties have slept in separate bedrooms. They almost never eat together, nor do they engage in any outside activities together. The wife cleans the house, makes the husband's bed, and irons his shirts. The husband pays the household bills. The husband also pays for major repairs to the wife's car, although she pays for regular car maintenance such as oil changes and gas. The parties continue to file a joint tax return. Until 1998, the parties maintained a joint checking account, but the husband was the only party who used it. The husband first mentioned divorce to his wife in 1988, but he did not mention it again until 1998.

*Analysis*

Virginia law allows a no-fault divorce "if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for one year." Va. Code Ann. § 20-91(A)(9)(a) (1950). "[A]s a prerequisite for a divorce under § 20-91[(A)](9), there must be proof of an intention on the part of at least one of the parties to discontinue permanently the marital cohabitation, followed by physical separation for the statutory period." *Hooker v. Hooker*, 215 Va. 415, 417, 211 S.E.2d 34, 36 (1975). Traditionally, "cohabit" means "to live together in the same house as married persons live together, or in the manner of husband and wife." *Schweider v. Schweider*, 243 Va. 245, 248, 415 S.E.2d 135, 137 (1992) (citation omitted). However, although sexual relations are important factors to consider, they are not the only considerations in determining cohabitation. "[Cohabitation] also imports the continuing condition of living together and carrying out the mutual responsibilities of the marital relationship." *Id.* (citations omitted).

Virginia courts have granted divorces under § 20-91(A)(9) even though the parties continue to live under the same roof. *See, Doggett v. Doggett*, 5 Va. Cir. 349 (1986). However, at least one party must still establish the intent to be permanently separate and apart without cohabitation. See *id.*

In this case, the parties agree that they have had no sexual relations with each other for the past several years, but that alone does not establish a lack of cohabitation. Husband paid for the wife's car, and he continues to pay the insurance on it. The wife pays for oil changes and gas. The husband makes the mortgage payments on the house. In return, the wife cleans the house, including the husband's bedroom, and irons his shirts. Until 1998, the parties maintained a joint checking account. In fact, that account was not closed until the husband anticipated divorce proceedings. The evidence indicates that the parties, although they did not get along, continued to function as a marital unit. In the few cases where a divorce has been granted, whether for desertion or for living "separate and apart," while the parties continued to live at the same residence, the parties have maintained no mutual living relationship. *See, e.g., Jamison v. Jamison*, 3 Va. App. 644, 352 S.E.2d 719 (1987). In *Jamison*, the parties did not engage in any sexual relations, each party washed his or her own clothes, and the wife did nothing to help alleviate the husband's financial troubles. In fact, there was evidence that the wife tried to hinder the husband's attempt to sell property to obtain money even though such a sale would have been desirable to the wife. The court granted the divorce based on the wife's desertion of the husband. In contrast, the parties in the instant case share

marital duties. Essentially, the husband pays the bills and the wife maintains the home.

Most telling is the fact that the parties continue to file a joint tax return. By filing a joint return, or by claiming his wife as a dependent, the husband is allowed to take an extra deduction. Thus, the husband receives a tax benefit by describing himself as married. The wife has agreed to allow the husband to sign her name on the joint return. Husband's intent to maintain his marital status on his tax return does not evidence an intent to dissolve the marriage.

For the reasons stated above, this Court grants the Respondent's motion to dismiss the suit.