. Knaggs vs. Green.

---

KNAGGS vs. GREEN.

*February 24 — March 9, 1880.*

*Mortgage of Infant: when binding.*

A surety upon an infant's notes for purchase money of chattels, who has paid a judgment upon the notes, and received from the infant a note for the amount so paid, secured by mortgage of the same chattels, is entitled to hold the property as against a subsequent purchaser from the infant with knowledge of the mortgage.

APPEAL from the Circuit Court for *Clark* County.

Replevin, for a span of horses. The material facts are stated in the opinion. The jury, by direction of the court, returned a verdict for the plaintiff; and, from a judgment thereon, defendant appealed.

The cause was submitted on the brief of *B. F. French*, as attorney, with *R. J. Mac Bride*, of counsel, for the appellant, and on that of *James O'Neill* for the respondent.

For the appellant it was argued, that an infant may disaffirm and avoid his chattel mortgage at any time before he becomes of age, and within a reasonable time thereafter (Tyler on Inf., etc., p. 69, § 30; Sehouler on Dom. Rel., 546; *Willis v. Twambly*, 13 Mass., 204; *Shipman v. Horton*, 17 Conn., 481; *Bool v. Mix*, 17 Wend., 119); that the sale and delivery of the mortgaged property to a third person is such a disaffirmance (Tyler, p. 70, § 31; *Chapin v. Shafer*, 49 N. Y., 407; *State v. Plaisted*, 43 N. H., 413; *Mustard v. Wohlford*, 15 Gratt., 329; *Skinner v. Maxwell*, 66 N. C., 45; *Derrick v. Kennedy*, 4 Port. (Ala.), 41; *Allen v. Poole*, 54 Miss., 323; *Dixon v. Merritt*, 21 Minn., 196; *Miller v. Smith*, 3 N. W. Rep., Nov. 8, 1879, p. 942); and that it is only where the infant is still in possession of the consideration when he comes of age, that he is required to return it as a condition of his right to disaffirm. Tyler, p. 78, § 37; *White v. Branch*, 51 Ind., 210; *Chandler v. Simmons*, 97 Mass., 508; *Gibson v. Soper*, 6 Gray, 279; *Boody v. McKenney*, 23 Me., 517; *Fitts v. Hall*, 9 N. H., 441; *Price v. Furman*, 27 Vt., 268; *Shaw v. Boyd*, 5 S. & R., 309; *Tucker v. Moreland*, 10 Pet., 65–74.

Respondent's counsel distinguished this case from those cited for the appellant, by the fact that here the mortgage was given not for an old debt but for the price of horses purchased by the infant; and he contended that Shurtleff could have enforced the mortgage upon default, unless the mortgagor returned the horses (*Heath v. West*, 28 N. H., 101; *Roberts*

*v. Wiggin*, 1 id., 73; *Richardson v. Boright*, 9 Vt., 368; *Curtiss v. McDougal*, 26 Ohio St., 66; *Cogley v. Cushman*, 16 Minn., 397; *Callis v. Day*, 38 Wis., 643, 646; Herman on Chat. Mort., § 202); and that this plaintiff succeeded to Shurtleff's rights in that respect.

COLE, J. Both parties in this case claimed the horses in controversy through contracts made by George Field, a minor. The plaintiff claims under a chattel mortgage given by the minor under the following circumstances: One Shurtleff sold Field the horses for $300. Field paid only $200 down, and gave his note, signed by the plaintiff as surety, for the balance of the purchase money. When the note became due, Field was unable to pay it, and it was put into judgment. The plaintiff satisfied the judgment. Field then executed a note and chattel mortgage on the horses for the amount which the plaintiff had paid for him. This mortgage was duly filed in the town clerk's office where the horses were, and where Field resided. A few months after these transactions took place, while Field was a minor, he sold the horses to the defendant. It appears very clearly from the testimony of the defendant, that he knew when he purchased the horses that there was a mortgage on them; but he assumed that the mortgage was not good for anything, because executed by a minor. There is really no room for dispute about these facts, upon the evidence; and the circuit court directed the jury to find for the plaintiff. The inquiry is, whether that direction was warranted by the facts of the case. It is obvious that there are two conflicting titles to the property derived from the minor; and the question is, Which is to be preferred?

It is claimed on the part of the plaintiff, that his title should prevail; that because he, as surety, had to pay a part of the purchase money, he ought to be subrogated to the rights of Shurtleff, the vendor. It is argued that if Field had given a chattel mortgage on the horses to his vendor, to secure a

part of the purchase money, he would not be allowed to avoid the mortgage on the ground of infancy, without rescinding the contract and restoring the property; consequently, that a purchaser from him, with full knowledge of the mortgage, should stand in no better position than the minor would have done in the case supposed. We are inclined to adopt this view as correct. It seems to us there could be no doubt, if Shurtleff had taken a mortgage on the horses from the minor to secure a part of the purchase money, that he could enforce it. For, as we understand, the law is well settled that an infant who has purchased personal property, and given a mortgage upon it to secure the purchase money, or a part of it, cannot avoid the mortgage under the plea of infancy, without rendering void the sale and losing his rights under it. *Heath v. West*, 28 N. H., 101; *Curtiss v. McDougal*, 26 Ohio St., 66; Tyler on Inf., etc., 78.

In *Curtiss v. McDougal*, which is a case very much in point, the court say: " Without stopping to discuss the general disabilities or privileges of infancy, we hold that where an infant purchases a chattel, and at the same time, and in part performance of the contract of purchase, executes a mortgage on the purchased property to secure the payment of the purchase money, it is not within the privileges of infancy to avoid the security given without also avoiding the purchase. If, in such case, the infant would rescind a part, he must rescind the whole contract, and thereby restore to his vendor the title acquired by the purchase. The privilege of infancy may be used as a shield, but not as a sword; and, in such case, if the infant sells the mortgaged property, the purchaser takes it subject to the mortgage." In *Callis v. Day*, 38 Wis., 643, the same principle was. applied to a purchase of real estate by infants, and giving back notes and mortgage for the purchase money. This court decided that the contract was not void but only voidable, and the fact that the infants retained possession of the property after reaching their majority was a

ratification of the whole contract and made it binding upon them. See *Skinner v. Maxwell*, 66 N. C., 45; *Corey v. Burton*, 32 Mich., 30. The authorities cited on the brief of defendant's counsel certainly' show that an infant may avoid a mortgage given for a precedent debt; but manifestly such a mortgage stands upon very different ground from one given for the purchase money.

It remains, then, to inquire whether the plaintiff, upon the established facts, can have the benefit of the principles of law which we have been considering. As a surety, as we have already observed, he paid a part of the purchase money of the horses. The chattel mortgage was given to him by the minor for the money so paid. It seems to us that the indebtedness so contracted should be treated, as it really was, as a debt for a part of the purchase money. If we look at the essence of the transaction, and not the form, this is what it amounts to. The plaintiff, therefore, is entitled to hold the property as against the defendant, who purchased of the infant with full knowledge of the existence of the mortgage. In other words, the defendant must be deemed, in the language of the court in *Curtiss v. McDougal*, to have taken the property subject to the mortgage. The plaintiff's title is the elder one, and has superior equities to support it. This view is decisive of the case.

The point made that there was no sufficient demand of the horses, and refusal, before the action was brought, seems to us too clearly untenable to require discussion.

*By the Court.* — The judgment of the circuit court is affirmed.