THORMAEHLEN, Respondent, vs. KAEPPEL, Appellant.

*November 7 — November 28, 1893.*

*Contracts: Infancy: Disaffirmance: `Reasonable time: Retaining con-
sideration: Fraud: Equity: Estoppel.*

.1. A note and mortgage having. been executed by an infant, her dis-
affirmance thereof within three and one-half months after she at-
tained majority is *held* to have been within a reasonable time, it not
appearing that during said time there was any material change in
the relation of the parties to the securities or in the value of the
mortgaged land.

Thormaehlen vs. Kaeppel.

2. An infant married woman having executed a mortgage of land owned by her to secure a loan of money to her husband, the fact that a part of the money was used to discharge a debt secured by another mortgage theretofore executed by her upon the same land does not render the later mortgage valid to that extent unless the earlier mortgage was valid as against her.

3. The mere failure of the infant, in such case, to inform the mortgagee that she was an infant or that the earlier mortgage was not valid as against her,— there being no misrepresentation of fact, and no artifice employed to mislead the mortgagee,— was not such a fraud as would preclude her from having the mortgage set aside in a court of equity.

APPEAL from the Circuit Court for *Milwaukee* County.

This action is to set aside and cancel a certain mortgage executed by plaintiff to defendant during her minority, on her separate real estate, to secure a loan made by defendant to her husband. It is unnecessary to state the pleadings. The findings of fact are within the pleadings, and are supported by the testimony. They are to the following effect: Plaintiff intermarried with William Thormaehlen in 1888, when she was eighteen years of age, and on June 18, 1890, executed with him a mortgage to plaintiff, on certain lands owned by her, to secure the payment of money borrowed of defendant by her husband. She also signed the note with her husband for the loan. The plaintiff and her husband have been divorced since this action was commenced. No part of such loan was received by the plaintiff or used for her benefit. Plaintiff became twenty-one years of age November 24, 1891; and on March 7, 1892, she caused to be served on defendant a notice that she disaffirmed such securities, and "that she did not recognize the mortgage as a lien upon the lands described therein, or the note as in any manner binding upon her as a personal obligation." Since coming of age, plaintiff has not ratified the note and mortgage, and the mortgage is a cloud upon the title to her land.

Thormaehlen vs. Kaeppel.

The conclusions of law deduced by the court from such findings are as follows: "The court finds that said plaintiff is entitled to a judgment requiring said defendant to execute and deliver to said plaintiff a release of any and all interest which he may claim to have in said premises under and by virtue of said mortgage, or that in default thereof said mortgage shall be declared by the judgment of this court to be null and void and to constitute no lien upon the plaintiff's real estate, and that by the judgment of this court the said plaintiff's claim to said premises be established against any claim of the said defendant, and that said defendant be, by the judgment of this court, forever barred against having or claiming any title to the said premises adverse to the said plaintiff, and that said plaintiff have judgment against said defendant for disbursements in this action." Judgment for the plaintiff was thereupon ordered and entered pursuant to such conclusions of law. Defendant appeals from the judgment.

*F. J. Lenicheck*, for the appellant.

For the respondent there was a brief by *Ogden, Hunter & Bottum*, and oral argument by *L. M. Ogden*.

Lyon, C. J.   Subject to certain conditions, it is a general rule of law that on becoming of full age a person may disaffirm his contract made during minority, and be relieved from the obligations thereof. One of these conditions is that he must so disaffirm within a reasonable time after attaining his majority. *O'Dell v. Rogers*, 44 Wis. 136, 183. Another condition is that if he has received and retains any part of the consideration for his contract he must return the same before he will be allowed to assert the invalidity of his contract because of his infancy when he made it. The latter rule was applied by this court in *Callis v. Day*, 38 Wis. 643, and *Knaggs v. Green*, 48 Wis. 601. Still another condition of obtaining relief in equity is that

the party asking relief has not fraudulently induced the other party to enter into the contract. Unless the plaintiff is subject to one of these conditions, she is entitled to the relief which the judgment gives her.

1. It is maintained on behalf of defendant that plaintiff did not disaffirm her contract expressed in the note and mortgage within a reasonable time after she reached her majority. She disaffirmed it within three and one-half months thereafter, and it does not appear that during such time the relation of the parties to the securities, or the value of the mortgaged land, materially changed. Within the rule of *O'Dell v. Rogers* (in which case a delay to disaffirm for nearly three years was held not unreasonable), we think the disaffirmance in this case was notified to defendant within a reasonable time after plaintiff became of age.

2. Counsel also maintains that the case is within the rule which, under certain circumstances, requires the party disaffirming his contract for infancy to restore the consideration paid by the other party. The difficulty with this claim is that the plaintiff never received any portion of such consideration, and hence has none of it to restore. It is argued, however, that because of a fact proved, but not stated in the findings, it ought to be held that in contemplation of law the plaintiff did receive and retains the consideration for her note and mortgage, and hence is within the rule requiring a return to defendant of the money loaned. Such fact is that the money, or a large portion of it, loaned by defendant, for which the note and mortgage were given, was used to pay and discharge a debt secured by another mortgage theretofore executed by plaintiff upon the same land, and hence was paid for the benefit of plaintiff. The claim is that the mortgage in controversy should be held valid at least to the amount of the former mortgage thus discharged by such payment. The infirmity in the

argument is that there is nothing in the proofs to show the existence of any condition which would render such former mortgage valid as against plaintiff. It must be assumed that she was under no obligation to pay the debt it was given to secure in order to relieve her land from the lien of it. It was entirely a voluntary payment, and we are unable to perceive how the fact that such payment was made out of the money loaned by defendant can operate to make the mortgage in controversy valid.

3. It is further claimed that plaintiff was guilty of fraud because she failed to inform defendant, when she executed the mortgage, that she was a minor, or that the former mortgage was not valid· as against her. We suppose, of course, that a court of equity would refuse to relieve an infant of his contract if his own fraud induced the other party to enter into it. But we do not think the authorities will sustain the court in holding that the mere failure of plaintiff to impart such information, unasked,— there being no misrepresentation of fact, and no artifice employed to mislead the defendant,— amounts to a fraud which would close the doors of the court against her.

*By the Court.*— The judgment of the circuit court is affirmed.