Grauman, Marx & Cline Company, Respondent, vs. Krienitz, imp., Appellant.

*March 19—April 26, 1910.*

*Infants: Judgment by default: Failure to appoint guardian ad litem: Vacating judgment: Estoppel: Fraud: Contracts not beneficial: Accommodation paper.*

1. An application to vacate a judgment by default against a minor on the ground that he was not represented by a guardian *ad litem* is addressed to the sound discretion of the court, guided, however, by the settled policy of the law that a person under disability is entitled to reasonable opportunity to be heard in

court by a qualified representative during his disability, or by himself after the disability shall have been removed.

2. Neither mere acquiescence by the minor while under disability nor mere inconvenience and cost of litigation to the adverse party is sufficient to justify the denial of such an application.

3. A minor may by his own fraud estop himself from avoiding a contract on the ground of infancy; but (except, perhaps, in some extreme cases) he cannot do so unless he had actual, though not legal, discretion, and was guilty of actual fraud, as by express representation of capacity to contract, inducing the other party to enter into the agreement, nor unless the contract was beneficial to the minor.

4. Thus, a minor is not estopped, even by actual fraud, from avoiding a contract not beneficial to him, as in the case of his having become a mere surety or accommodation maker of a promissory note.

5. A judgment by default rendered against a minor properly served with summons but not represented by a guardian *ad litem*, is not void or open to collateral attack, but may be avoided by appeal for error if the minority appears of record, or if not, then only by direct proceeding in the action, seasonably taken, as by motion to set aside the default and permit the minor to defend.

6. While a judgment against a minor will not necessarily be set aside for irregularity, either during the disability or after it has been removed, if the minor has suffered no substantial injustice, this rule has no application to a case where there was no liability enforceable against the minor in the first instance.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

The appeal is from an order denying the application of defendant, who was under twenty-one years of age, to vacate a judgment against him and permit him to defend.

The action was to recover on a promissory note upon which appellant was an accommodation maker. The complaint was duly verified. No answer was served. Judgment by default was taken, in due course. Nothing appeared of record indicating that appellant was a minor. Execution was duly issued on the judgment and returned unsatisfied. Several months after judgment, supplementary proceedings were commenced against appellant, whereupon he appeared and secured appointment of a guardian *ad litem* to represent him

and institute and carry on due proceedings to open the default and obtain leave to defend. A motion was duly made to vacate the judgment. Upon such motion defendant tendered an answer, pleading that he signed the note as an accommodation maker, only, and that he was a minor at the time of so signing and still was such.

The motion was supported by affidavits on defendant's behalf that he, at first, became a guarantor for his codefendant at the request of her husband; that she desired to purchase millinery goods of plaintiff and could not do so without a guarantor of payment therefor; that later, when the indebtedness incurred on the faith of the guaranty, amounting to some $472, became due, defendant was asked by plaintiff's attorney to settle therefor; that defendant then claimed he was not liable because he was a minor; that, as a result of some negotiations, the claim was settled by the note in suit, signed by defendant as an accommodation maker and a personal note of the principal debtor for the balance.

The affidavits tended strongly to show that the settlement was made, and guaranty surrendered to defendant, on the faith of his representation, by conduct, or words that he had arrived at the age of twenty-one years. Whether he expressly so represented was disputed, the preponderance of proof being in the negative. There was a conflict as to whether defendant represented himself to be of age when the guaranty was signed, but the preponderance of proof was in the negative. The affidavits, pretty clearly, showed that plaintiff supposed, and had reasonable ground to suppose, defendant was of age when he signed the guaranty and, later, when the note was signed, its agent supposed, and had reasonable ground to suppose, he was of age, but in fact that he was not; that no benefits whatever came to defendant, at any time, for signing either guaranty or note; that he paid no attention to the litigation after the summons was served, but left the matter wholly to his codefendant to attend to till several

months after judgment, when he was aroused to activity by institution of the supplementary proceedings. He was matured, beyond an ordinary person of his years, at the time he signed the guaranty. He had and was conducting a business of his own and had taken a place in the community as a business man; the appearances being such that one would naturally have supposed he was of age. He was influenced to his attitude, at the time of signing the note, somewhat, because he desired his father not to know that he had been allowing such use of his name.

· For the appellant the cause was submitted on the brief of *Blenski & Cordes.*

*Albert M. Newald,* for the respondent.

MARSHALL, J.   The situation, in brief, stating it as favorably for respondent as the moving papers will reasonably permit of, is this: Respondent and its agent believed, as above indicated, that when appellant signed the guaranty, he was of age, and, so believing, accepted him as security for payment of the indebtedness afterwards incurred. It did not, at the time the note was given, concede that he was not liable on the guaranty. When the note was signed respondent's agent believed that, if appellant were not of age in the first instance, he had arrived at his majority in the meantime. Respondent in the last instance, as in the first, was led to do what it did, by appellant, either by express declaration or otherwise, suggesting that he was of age and, manifestly, for the purpose of inducing the former to so believe. Respondent relied upon such belief in all that it did to enforce collection of the claim up to the time appellant claimed, in the supplementary proceeding, that he was still in his minority. It incurred danger of loss by selling goods on the faith of the guaranty and incurred loss to a considerable amount in reliance upon the note, if he shall be heard, successfully, to claim he was a minor when he signed the paper and when he

petitioned for leave to defend against the same notwithstanding the judgment. If he were an adult his laches after service of the summons would justify the refusal to grant relief.

An application to set aside a default, in a case of this sort, notwithstanding the minority of appellant, is addressed to the sound discretion of the court, but such discretion must be guided by the settled policy of the law, that a person under disability is entitled to reasonable opportunity to be heard in court by a qualified representative during his disability, or by himself after the disability shall have been removed. Such exceptions as there are to such policy are so rare that the rule is well nigh universal. So, whether the trial court failed to exercise its discretion in this instance, either because of misconception of the law or abused it by too severe an application thereof, or by misconceiving the effect of the facts, must be answered from the standpoint of the well settled policy referred to.

That a minor defendant should be represented by a guardian *ad litem,* is too familiar to require to be more than stated. It is laid down in the elementary works thus:

"It is an almost universal rule that where an infant is a defendant a guardian *ad litem* must be appointed for him to conduct the defense. The reason of this rule is plain, for it is evident that the privileges of an infant with regard to contracts and other transactions would be of slight utility if he were liable to be dragged into court and exposed there, unprotected in his ignorance, to contend with learning and experience. It is to protect him against such danger that the law assigns him a guardian in the suit." 10 Ency. Pl. & Pr. 618.

Going back to the guaranty on the note, it is conceded, as the fact is, that the contract of a minor, other than for necessaries, is either void or voidable at his option, exercised within a reasonable time after his coming of age. Such a contract, not for necessaries, is, as a rule, voidable by the minor at his option, reasonably exercised, upon his coming of

age and restoring the former situation as far as he is reasonably capable of doing so. There is an exception to that, generally recognized by the courts, including our own, of which *Knaggs v. Green,* 48 Wis. 601, 4 N. W. 760, and *Thormaehlen v. Kaeppel,* 86 Wis. 378, 56 N. W. 1089, are illustrations. That is this, a minor may, in making a contract beneficial to himself, under some circumstances, preclude himself, by equitable estoppel, from subsequently avoiding it on the ground of his infancy. The basic circumstance rendering that applicable is actual fraud; express representation of capacity to contract, inducing the adverse party to enter into the agreement. Many illustrative cases are cited in the brief of counsel for respondent. The following are a few of them, and others: *Hayes v. Parker,* 41 N. J. Eq. 630, 7 Atl. 511; *Commander v. Brazil,* 88 Miss. 668, 41 South. 497; *Ostrander v. Quin,* 84 Miss. 230, 36 South. 257; *Whittington v. Wright,* 9 Ga. 23; *Sanger v. Hibbard,* 2 Ind. Terr. 547, 53 S. W. 330; *Steed v. Petty,* 65 Tex. 490; *Williamson v. Jones,* 43 W. Va. 562, 27 S. E. 411; *Harmon v. Smith,* 38 Fed. 482.

An examination of the cited cases will demonstrate that the rule that an infant may bind himself by his actual fraud, but not by mere conduct or silence when he ought to speak, is very guarded. It forms an exception to the one that an infant or other person under disability cannot bind him or herself by estoppel. It is confined to cases where the infant, though under legal discretion, is in fact developed to the condition of actual discretion. It is further confined to cases of actual fraud and where the contract or transaction is beneficial to the minor. The rule being purely of equitable nature, it may be that, in a case of great hardship to the adverse party and substantially the same discretion on the part of the minor as if he were of age, the equity of the law will stand in the way of the latter to prevent such injury by closing the judicial ear to his appeal for assistance to avoid his

obligation.   But the decided cases do not furnish illustra-
tions of such extension.   However, the precedents would not
limit the power of the court to extend the principles of equity
where necessary to effect justice.

This court recognized the general rule in *Thormaehlen v.
Kaeppel, supra,* in these words:

"We suppose, of course, that a court of equity would re-
fuse to relieve an infant of his contract if his own fraud in-
duced the other party to enter into it."

And further, in effect, but if the minor merely fails to im-
part information of his age, unasked, there being no mis-
representation of fact and no artifice employed to mislead the
other party, he is not guilty of that species of fraud which
will estop him from pleading his minority to avoid the con-
tract.   The court had no need at that point, to deal with the
other feature essential to create the estoppel, viz., that the
contract must be beneficial to the minor.   So one might be
misled by reading the court's observation, which was not so
guarded as to suggest such essential.

Enough has been said to demonstrate that a minor cannot,
unless in some extreme cases of which this is not a type, even
by actual fraud, estop himself from pleading his minority to
avoid a contract which is not beneficial to him; as in case of
his becoming a mere surety or accommodation maker of a
promissory note.

The element of actual discretion on the part of the minor,
characterized the instant transaction, but not that of bene-
ficial nature to the minor, nor such extreme hardship to the
other party as to warrant the doctrine of estoppel being ap-
plied.   The learned trial court, quite likely, was misled by
the general language in *Thormaehlen v. Kaeppel, supra,* and
by overlooking the closeness with which the doctrine that a
minor may estop himself by his fraud from asserting his in-
fancy to avoid his contract, is fenced about: (1st) By neces-
sity for actual discretion; (2d) necessity for actual fraud;
(3d) necessity for beneficial nature of the transaction to the

minor. Had these essentials been appreciated fully, the application for leave to defend against respondent's claim, notwithstanding the default, would probably have been granted.

True, a judgment rendered against a minor where he is not represented by a guardian *ad litem,* is not void. Such representation is not jurisdictional. Notwithstanding absence of it the judgment is proof against collateral attack. It can only be avoided by appeal for error, where the minority appears of record, or otherwise by motion or other direct proceeding in the action seasonably resorted to. This, of course, contemplates jurisdiction obtained by proper service of the summons as required by law. There was such service in this case. While the mere neglect, regardless of the cause of it, the court having jurisdiction to have a minor defendant represented by a guardian *ad litem,* is not jurisdictional, the rule indicated obtains by the great weight of, though not the universal authority. 1 Black, Judgments, § 193, note 34. The federal supreme court is in the former class. *O'Hara v. MacConnell,* 93 U. S. 150. Some suggestions in authorities the other way are regarded as rather inconsequential.

So appellant took the proper course to avoid the effect of the judgment. He could not have reached the infirmity by appeal, since it does not appear of record. There is no question but that his motion was seasonably made as to the mere element of time. There was no element of actual fraud which stood in the way. Mere acquiescence, while under disability, was not sufficient to justify denying the motion. True, the court might, for sufficient equitable considerations in such a case, deny relief. But the policy of the law to afford a minor a day in court, properly represented by guardian *ad litem,* or after removal of the disability to be heard, is so general that something of an extraordinary character would be required to create an exception; something far more serious than such mere inconvenience and cost of litigation to the adverse party, as in this case.

It is not to be understood that judgments characterized by

irregularity, as in this case, can always be set aside either during disability or after it has been removed.. In case, notwithstanding the irregularity, the minor suffered no substantial injustice, relief is not, necessarily, grantable. That, of course, would not include a case like this where there was no enforceable liability in the first instance.

It follows that the order appealed from must be reversed, and the cause remanded with directions to grant appellant's motion.

*By the Court.*—So ordered.