Wallace v. Newdale Furniture Co. 188 Wis. 205.

*By the Court.*—Judgment affirmed.

WALLACE, by guardian *ad litem*, Respondent, vs. NEWDALE FURNITURE COMPANY, Appellant.

*October 22—November 17, 1925.*

*Husband and wife: Separate business venture of wife: Liability of wife on contracts for acquiring separate estate: Infants engaging in business: Liability for contracts: Disaffirmance after majority: Recovery of money paid: Appeal: Questions not litigated at trial.*

1. Where a minor wife purchased, on a conditional sales contract, furniture in her own name for use in keeping a rooming house and her husband took no part in the purchase, disapproved of the business venture, and in no way authorized his wife to act for him, he was not the real party in interest in an action begun by the wife, after the defendant had retaken the furniture, to recover the amount paid on the purchase price.  p. 207.
2. A married woman may become liable on her contracts for acquiring a separate estate even though she had no separate estate theretofore, and she can pledge her own credit for property acquired by her as freely as an unmarried woman.  p. 207.
3. The fact that a minor engages in business does not remove the incapacity to make general contracts, and, in the absence of statute, purchases made in trade cannot be regarded as necessaries.  p. 207.
4. On disaffirmance of the contract by the minor, the question of an allowance for the use or deterioration in value of the furniture while it was held under such contract will not be considered on appeal, where no claim relative thereto was made in the answer and no evidence was offered on the subject at the trial.  p. 208.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the briefs of *Yockey & Yockey,* attorneys, and *E. W. Van Dyke,* of counsel, all of Milwaukee, and for the respondent on that of *Aaron B. Rosenthal* of Milwaukee.

JONES, J.   While the plaintiff was a married woman and about twenty years of age she bought certain furniture of the value of about $500 from the defendant, under a conditional sales agreement accompanied by a note.   She signed the agreement and the note in her own name.   The house was owned jointly by the husband and wife and the furniture was to be used for keeping roomers.   Part of it was bought before they moved in and the rest a few days later, after they moved into the house.   It consisted of bedroom sets, chairs, a dining-room suite, a table, and other furniture.   The furniture was used for the most part in rooms occupied by the roomers.   After a time there were boarders also.   The keeping of roomers and boarders was treated as her separate business, carried on to help out the income of the family.   She collected the money from the roomers and boarders and paid from that source $145 to apply on the furniture.   After about eight months she and her husband separated, and she being unable to make further payments repudiated the contract while still a minor, tendered back the furniture, and demanded the $145.   The defendant took the furniture but refused to pay back the money.   Judgment was rendered for the plaintiff in the sum of $145 and costs.

It is argued by the appellant's counsel that the plaintiff in purchasing the furniture and signing the note and contract was acting as an agent for her husband; that he was in fact and law the real party in interest, and that therefore the plaintiff had no standing in court.   The difficulty with this argument is that there is not a syllable of testimony to

support it. The husband took no part in buying the furniture, was not in favor of the proposed business venture, and in no way authorized the plaintiff to act for him. The claim of counsel rests on the theory that when a wife starts a business venture of her own and buys on credit in her own name property with which to carry it on, she becomes thereby, by operation of law, the agent of her husband and he becomes liable for the indebtedness incurred, and the property becomes his property. No authority is cited to sustain such a proposition. If husbands may thus be made answerable, unawares, for the business speculations of their wives, there would be some ground for the assertion which has been made in jest, that the next great revolution must be by married men to obtain their rights. The law was settled long ago in this state by the Married Women's Acts and the decisions of this court that a married woman might be held liable on her contracts for acquiring a separate estate, even though she had no separate estate before, and that she could pledge her credit for property acquired by her as freely as an unmarried woman. The cases on the subject are reviewed in the decision by Mr. Justice MARSHALL in *Kriz v. Peege,* 119 Wis. 105, 95 N. W. 108. Doubtless the plaintiff would have been liable on her contract and could not have rescinded it if she had been an adult, although she was married. It has not been contended by counsel for the appellant that the articles purchased by the plaintiff were necessaries and that she could not rescind for that reason, nor would the argument be sound if made. The fact that a minor engages in business does not remove the incapacity to make general contracts, and, in the absence of statutes, purchases made in trade cannot be regarded as necessaries. *Covault v. Nevitt,* 157 Wis. 113, 146 N. W. 1115; 31 Corp. Jur. 1084; and see, also, the elaborate note in 18 Am. St. Rep. 654. The appellant's counsel do argue that the court should have permitted a deduction to be made for the use or deterioration in value of the furniture during eight

months.   This raises an interesting question on which there is considerable conflict of the authorities, but for the reason below stated it is not before us for decision.

On the one hand it is claimed that to allow disaffirmance without such deduction would permit the use of the privilege of infancy as a sword and not as a shield and would work serious injustice. · On the other hand the authorities which refuse to allow the deduction hold that there is no other way to give the infant the protection which the law affords against contracts which he is deemed incapable of making. A collection of the cases will be found in 11 A. L. R. 491. We are not called on to decide the question because there is no claim for such use or deterioration in the answer and for the stronger reason that no evidence was offered on the subject.

*By the Court.*—Judgment affirmed.