Wisconsin Loan and Finance Corporation, Appellant,
vs. Goodnough, Respondent.

*December 4, 1929—March 4, 1930.*

For the appellant there was a brief by *Runge & Baird,* and oral argument by *Charles Copp,* all of Sheboygan.

For the respondent there was a brief by *Bassuener &*

*Humke,* and oral argument by *John M. Poole,* all of She-
boygan.

The following opinion was filed January 7, 1930:

ROSENBERRY, C. J.   It was advisedly conceded upon the
oral argument that the pleadings in this case are not a work
of art.   Upon the motion to set aside the judgment entered
on cognovit the defendant offered a verified answer.   After
the judgment was vacated the answer so offered was appar-
ently treated as the answer in the case. Thereupon the plaint-
iff filed a document denominated a reply.   Under our system
of pleadings there is no reply to an answer, the allegations
of which are deemed denied.   Sec. 263.26, Stats.   It appears,
however, that throughout the trial the so-called reply was
treated as an amendment to the complaint.   Even then it
is difficult to determine upon what theory the plaintiff was
proceeding.   The record indicates that plaintiff's theory of
the case grew as the trial progressed.   The importance of
a legal theory to support the plaintiff's contention will ap-
pear later.   The written complaint in cognovit stated a cause
of action on contract.   Whether the plaintiff now seeks to
recover on contract on the theory that the defendant was
estopped to set up his infancy as a defense, or whether the
plaintiff seeks to recover on the theory that the fraudulent
representations of the defendant as to age created a cause of
action against him in tort, is difficult to determine.   At the
close of its brief the plaintiff says: "In conclusion it will be
stated at the outset that the theory of the action at bar is in
tort, not contract," but in the prayer for relief annexed to
the so-called reply the plaintiff asks for the full amount of
the note with interest, attorney fees, and taxable costs, which
he would be entitled to only upon the theory that the defend-
ant was liable upon the note.

There are two lines of authority as to the liability of an

infant who has procured a third party to part with value pursuant to a contract by falsely representing to the person who made the contract with him that he was of age, the person making the contract doing so in reliance upon the representation. We shall not attempt a critical review of the authorities in this field. The cases are collected and analyzed in a series of notes to which reference is made. See *Lowery v. Cate* (108 Tenn. 54, 64 S. W. 1068) 57 L. R. A. 673; *Commander v. Brazil* (88 Miss. 668, 41 South. 497) 9 L. R. A. N. S. 1117; *Tobin v. Spann* (85 Ark. 556, 109 S. W. 534) 16 L. R. A. N. S. 672; *Putnal v. Walker* (61 Fla. 720, 55 South. 844) 36 L. R. A. N. S. 33; *La Rosa v. Nichols* (92 N. J. L. 375, 105 Atl. 201) 6 A. L. R. 412, note 416; *Kuehl v. Means* (206 Iowa, 539, 218 N. W. 907) 58 A. L. R. 1359, note 1366.

In *R. Leslie, Ltd. v. Sheill,* [1914] 3 K. B. 607, the whole subject is thoroughly discussed and the court of appeals unanimously arrives at the conclusion that an infant is not estopped to plead his infancy because he procured a loan through false representations as to his age. Appended to this case is a note in which the cases in support of each theory are collected and cited. Ann. Cas. 1916 C, p. 992.

The question which seems to divide courts in consideration of this matter is whether or not the fraudulent representations enter into the contract. Referring to the leading English case of *Johnson v. Pie,* 1 Keb. 913, the superior court of New Hampshire said:

"The representation in *Johnson v. Pie,* and in the present case, that the defendant was of full age, was not part of the contract, nor did it grow out of the contract, or in any way result from it. It is not any part of its terms, nor was it the consideration upon which the contract was founded. No contract was made about the defendant's age. The sale of the goods was not a consideration for this affirmation or

representation. The representation was not a foundation for an action of assumpsit. The matter arises purely *ex delicto*. The fraud was intended to induce, and did induce, the plaintiff to make a contract for the sale of the hats, but that by no means makes it part and parcel of the contract. It was antecedent to the contract; and if an infant is liable for a positive wrong connected with a contract, but arising after the contract has been made, he may well be answerable for one committed before the contract was entered into, although it may have led to the contract. It has been said that 'all the infants in England might be ruined,' if infants were bound by acts that sound in deceit. But this cannot be a reason why the action should not be maintained for fraudulent wrongs done, for the same reason would seem to apply equally well in cases of slander, trover, and trespass." *Fitts v. Hall,* 9 N. H. 441.

The question here under consideration has not been specifically dealt with by this court. In *Grauman, Marx & Cline Co. v. Krienitz,* 142 Wis. 556, 126 N. W. 50, the plaintiff sought recovery on a promissory note upon which the defendant was an accommodation maker. It did not appear that he had misrepresented his age, at least the court said that the preponderance of proof was to the contrary. No formal findings were made because the matter came up on a motion to open the judgment entered against the infant defendant by default. It appears, however, that the infant appeared to be a person twenty-one years of age and that the plaintiff might well have supposed him to be of age. The court said:

"Going back to the guaranty on the note, it is conceded, as the fact is, that the contract of a minor, other than for necessaries, is either void or voidable at his option, exercised within a reasonable time after his coming of age. Such a contract, not for necessaries, is, as a rule, voidable by the minor at his option, reasonably exercised, upon his coming of age and restoring the former situation as far as he is reasonably capable of doing so. There is an exception to that, gen-

erally recognized by the courts, including our own, of which *Knaggs v. Green,* 48 Wis. 601, 4 N. W. 760, and *Thormaehlen v. Kaeppel,* 86 Wis. 378, 56 N. W. 1089, are illustrations. That is this : a minor may, in making a contract beneficial to himself, under some circumstances, preclude himself by equitable estoppel from subsequently avoiding it on the ground of his infancy. The basic circumstance rendering that applicable is actual fraud; express representation of capacity to contract, inducing the adverse party to enter into the agreement."

Among other cases cited in support of this proposition is *Commander v. Brazil,* 88 Miss. 668, 41 South. 497, the annotations to which have already been referred to, in which it was expressly held that a minor who by false representations that he is of age, aided by his mature appearance, induces another to enter into a contract under the belief that he is of full age, by which he is benefited, cannot set up his minority in defense of an action upon the contract.

The case of *Knaggs v. Green,* referred to in the *Grauman, Marx & Cline Co. Case* above, did not involve the question here under consideration, and the same is true of the case of *Thormaehlen v. Kaeppel.*

*Covault v. Nevitt,* 157 Wis. 113, 146 N. W. 1115, held that an infant owner of property was not liable *respondeat superior* for the negligent act of a person in his employment and in charge of the property, where the infant in no way personally participated in the act.

An analysis of the cases leads to the conclusion that an infant is liable for his torts which are not connected with, and do not arise out of, his contracts. This liability is the rule without regard to the age of the infant, and without regard to whether he acted at the command of another, except in case of actual duress.

As to torts committed by an infant for the purpose of inducing another person to contract with him, there is conflict.

In England he is not responsible for his misrepresentations as to his age, by which misrepresentations he induced a contract, because it is said that (a) to make him liable for his deceit would be to enforce the contract, for which he is not liable by the policy of the law; and that (b) the deception practiced is part of the contract itself.

But in this country the overwhelming weight of authority is contrary to the English rule, cases in only two states (Massachusetts and Maryland) having held that an infant is not liable in deceit for such misrepresentations. In some states all uncertainty as to liability, where the infant falsely represents himself to be of age, has been removed by statute.

But where the infant's representations are in regard to the subject matter of the contract, as, for instance, warranty of goods sold by him, they constitute part of the contract, for which he cannot be made liable. Note to *Lowery v. Cate* (108 Tenn. 54, 64 S. W. 1068) 57 L. R. A. 673, 688.

It is a matter of some importance, however, to determine whether an infant who secures benefits by misrepresenting his age to the person from whom he secured them is estopped to set up his infancy in order to defeat the contract or whether he becomes liable in an action for deceit for damages. In this case, if there is an estoppel which operates to prevent the defendant from repudiating the contract and he is liable upon it, the damages will be the full amount of the note plus interest and a reasonable attorney's fee. If he is held liable, on the other hand, in deceit, he will be liable only for the damages which the plaintiff sustained in this case, the amount of money the plaintiff parted with, which was $352 less the $25 repaid. There seems to be sound reason in the position of the English courts that to hold the contract enforceable by way of estoppel is to go contrary to the clearly declared policy of the law. But as was pointed

out by the New Hampshire court, that objection lies no more for wrongs done by a minor by way of deceit than by way of slander or other torts. The contract is not enforced. He is held liable for deceit as he is for other torts such as slander, trover, and trespass.

It is considered that the sounder rule is that which holds an infant under such circumstances liable in tort for damages. This rule is not in accord with the intimation contained in *Grauman, Marx & Cline Co. v. Krienitz, supra;* that is, that a benefit must have accrued to the infant. It is considered the court was not committed by what was said in that case. The question here presented was not under consideration in that case.

The cases quite uniformly hold that the fraud must be actual, not constructive; that mere failure of the infant to disclose his age is not sufficient. This quite apparently for the reason that the infant himself may be unaware of the legal consequences of his acts and that it is his affirmative wrongdoing which leads to liability. Some of the cases emphasize the fact that the infant must have had actual discretion as opposed to legal discretion. That is a matter it seems to us more properly disposed of in ascertaining whether or not the person seeking to hold the infant reasonably relied upon the representations made by him. Quite obviously a child ten years of age could not represent himself to be twenty-one years so as to warrant any one dealing with him upon that representation.

As already intimated, the trial court did not have the benefit of any legal theory upon the trial of this case, and if we held parties to compliance with any system of pleadings the plaintiff would probably be turned out of court and required to bring an action in deceit or to amend the pleading and submit to a new trial. However, under our liberalized procedure which permits almost anything done to be construed

into doing the proper thing, all the possible issues that would arise under a complaint properly framed have been actually tried in this case. We shall therefore treat the complaint as amended by the so-called reply and dispose of the case upon that basis. The trial court was apparently of the opinion that the fact that the money was loaned for the benefit of the partnership resulted in no benefit to the defendant and therefore he could not be held. The plaintiff paid this money in reliance upon the defendant's misrepresentations as to his contractual capacity. He is not held liable on the contract but for damages in deceit, therefore the question of benefit does not arise as in cases where he is held liable by way of estoppel. Being liable in deceit for the damages sustained by the plaintiff on account of the deceit, the defendant may not escape this liability by disaffirmance or repudiation. The defendant not being liable upon the contract, he is not liable either for the attorney's fees or for interest above the legal rate.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to enter judgment for the plaintiff in the sum of $352, less $25 repaid, with interest.

A motion for a rehearing was denied, with $25 costs, on March 4, 1930.