ROYAL FINANCE COMPANY (Plaintiff),
Appellant,

v.

Joseph SCHAEFER, Pat Schaefer, and Elizabeth Schaefer, Guardian of Joseph Schaefer (Defendants), Respondents.

No. 30275.

St. Louis Court of Appeals.

Missouri.

Dec. 15, 1959.

Sidney Rubin, St. Louis, for appellant.

T. Joseph Byrth, St. Louis, for respondents.

DOERNER, Commissioner.

The theory upon which plaintiff seeks to recover a judgment in this case is that the defendants Joseph and Pat Schaefer fraudulently represented to plaintiff that defendant Joseph Schaefer was 22 years of age at the time they applied for and obtained a loan from plaintiff, when in fact he was still a minor; that they have repudiated their contractual obligation; and that plaintiff has been damaged by reason of said defendants' fraud and deceit, for

which it is entitled to recover. The action originated in the Magistrate Court of the City of St. Louis, which found for defendants. On appeal, the Circuit Court of the City of St. Louis, sitting without a jury by agreement, likewise entered judgment for defendants.

The case was tried in both the Magistrate Court and the Circuit Court upon an agreed statement of facts. As stated in that stipulation and agreement, the facts are that defendants Joseph and Pat Schaefer applied to plaintiff for a loan of $540.00 on January 17, 1957, in the City of St. Louis; that in a written statement defendant Joseph Schaefer represented to plaintiff that he was then 22 years old, whereas he was not, having been born on January 13, 1938; that "This misrepresentation was untrue and was material to the obtaining of the loan by Joseph and Pat Schaefer and the loan was made by this plaintiff acting in reliance upon this information"; that Joseph and Pat Schaefer have repudiated their obligation because they were not of age at the time the loan was made, whereby plaintiff has been unable to collect the balance due of $500.00, to its damage; and that at the time the loan was made there was in existence in the Probate Court of the City of St. Louis, a guardianship estate for defendant Joseph Schaefer, defendant Elizabeth Schaefer having been appointed and serving as his guardian. It is also stated in the transcript, which was approved by the attorney for the defendant and the trial judge, that:

"Defendants agreed that the pleadings of the plaintiff as set forth here could not be contraverted and was in effect admitted for all intents and purposes except with regard to the issue of notice of defendant's true age. The only issues remaining in the case by the facts stipulated and by agreement of the plaintiff and defendants were those relative to whether plaintiff had notice of defendant's true age when the loan was made even though the plaintiff was not told the correct age by the defendant; these issues were whether plaintiff knew or could have ascertained the true age of defendant Joseph Schaefer and whether the estate in the Probate Court was notice to the plaintiff that defendant Joseph Schaefer was a minor and infant."

▮ We construe this agreement to mean that defendants concede that an infant who induces another to contract with him by misrepresenting that he is of age to the adult's resulting injury, is liable in tort. Such, indeed, is the view of our Supreme Court as expressed in Byers v. Lemay Bank & Trust Co., 365 Mo. 341, 282 S.W.2d 512, 515, where it said:

"An apparently increasing number of jurisdictions hold the infant liable in tort for inducing the contract by misrepresentations that he is of age. Wisconsin Loan & Finance Corp. v. Goodnough, 201 Wis. 101, 228 N.W. 484, 67 A.L.R. 1259, and Annotation, [67 A.L.R.] 1264; Vermont Acceptance Corp. v. Wiltshire, 103 Vt. 219, 153 A. 199, 73 A.L.R. 792. See also 43 C.J.S. Infants § 27, p. 88, note 83 et seq., § 90, p. 206, note 94 et seq., § 26, p. 86; 27 Am.Jur. 818, § 96, note 6 et seq., 798, §§ 66–72; 1 Williston, Contracts (1936), 726, § 245, 700, § 238; 19 Cornell L.Q. 620; 81 U. of Pa. L.R. 731; 15 U. of Pitt.L.R. 73; 34 Va.L.R. 829; 31 Yale L.J. 201. Liability ex delicto and liability ex contractu are based on different principles and involve different measures of recovery. If an infant is liable for his torts generally, the better reasoned decisions hold he is liable for his deceit in misrepresenting his age. His deceit induces the contract. It does not involve the subject matter of the contract. The recovery is the damage resulting to the defrauded person and

not the contract consideration. He is not held liable on the contract in form or substance."

This brings us to a consideration of the issues propounded in the transcript. While the word "knew" is used in the foregoing quotation from the transcript, it is clear both from the agreed statement of facts and plaintiff's petition that plaintiff had no actual knowledge, nor do defendants claim that it had, that defendant Joseph Schaefer was a minor at the time plaintiff made the loan. The first question to be decided, therefore, is whether despite the misrepresentation the plaintiff was under a duty to investigate and ascertain defendant Joseph Schaefer's true age. This question was also answered in Byers v. Lemay Bank & Trust Co., supra, where it was held:

"Plaintiff argues that he was only asked his age, and that since defendant did not ask him to show his service card, or ask him where he was born, or ask him for his birth certificate, defendant did not exercise reasonable diligence and may not successfully assert it was misled by plaintiff's statement. We do not agree. The misrepresentation is the vital fact. All the elements of a deceit are present. Plaintiff stated his age was 23. Plaintiff knew this was untrue. Plaintiff made the statement with the intent that defendant act upon it. Defendant acted upon the statement in the manner contemplated by plaintiff. Defendant suffered actual damage by reason of plaintiff's misrepresentation as to his age, and the damage was the natural and probable consequences of plaintiff's fraud."

The second issue, of whether the guardianship estate in the St. Louis Probate Court was notice to the plaintiff that Joseph Schaefer was a minor, involves the subject of constructive notice, or notice imputed by a public record. It may be conceded that the Probate Court is required to keep records as to the existence of guardianships of minors, and that such records are public records. But even though a statute may require the keeping of a public record, such record is not constructive notice to the world of its contents unless the statute so provides. Kelley v. Vandiver, 75 Mo.App. 435. As was aptly said in Overlander v. Withers, Mo.App., 148 S.W.2d 88, 92:

"* * * Constructive notice from the record is a creation of the statute and unless such effect has been given such record by statute it will not operate to give constructive notice * * *."

We have been unable to find any provision of our statutes, and none has been cited to us, declaring that the Probate Court record relating to a guardianship is constructive notice to the world that the ward is a minor. Hence, the mere fact that there was in existence a guardianship estate for Joseph Schaefer in the St. Louis Probate Court did not, of itself, constitute constructive notice to plaintiff that Joseph Schaefer was a minor at the time the loan was made.

This action was originally commenced against Joseph Schaefer and Pat Schaefer. Subsequently, Elizabeth Schaefer as guardian of Joseph Schaefer was joined as an additional party. In the agreed statement of facts it is recited that both Joseph and Pat Schaefer were not of age at the time the loan was made, and that both repudiated any obligation on the loan. The transcript also shows that defendant Pat Schaefer filed a separate answer pleading that she was then a minor, and moving that plaintiff's petition be dismissed as to her. There is nothing to indicate that a guardian ad litem was appointed for her. Under our statute, Section 507.190 RSMo 1949, V.A.M.S., in the absence of a regular guardian the case should not have proceeded against her until a guardian ad litem had been appointed for her. Cox v. Wrinkle, Mo., 267 S.W.2d 648.

The Commissioner therefore recommends that the judgment be reversed and the cause remanded.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, the judgment is reversed and the cause remanded.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.