James HALBMAN, Jr., Plaintiff-Respondent and
Cross-Appellant,

v.

Michael LEMKE, Defendant-Appellant and
Cross-Respondent-Petitioner.

Supreme Court

No. 79–029.  Argued October 28, 1980.—
Decided November 25, 1980.

(Also reported in 298 N.W.2d 562.)

For the petitioner there was a brief by *Henry A. Tessmer*, attorney, and *Michael E. Geary*, of counsel, both of Milwaukee, and oral argument by *Michael E. Geary*.

For the respondent there was a brief by *Louis A. Maier, Jr.*, and *Maier & Fitzpatrick, Ltd.*, of Milwaukee, and oral argument by *Louis A. Maier, Jr.*

WILLIAM G. CALLOW, J.   On this review we must decide whether a minor who disaffirms a contract for the purchase of a vehicle which is not a necessity must make restitution to the vendor for damage sustained by the vehicle prior to the time the contract was disaffirmed. The court of appeals affirmed the judgment in part, reversed in part, and remanded the cause to the circuit court for Milwaukee County, the Honorable Robert J. Miech presiding.

I.

This matter was before the trial court upon stipulated facts. On or about July 13, 1973, James Halbman, Jr. (Halbman), a minor, entered into an agreement with Michael Lemke (Lemke) whereby Lemke agreed to sell Halbman a 1968 Oldsmobile for the sum of $1,250. Lemke

was the manager of L & M Standard Station in Greenfield, Wisconsin, and Halbman was an employe at L & M. At the time the agreement was made Halbman paid Lemke $1,000 cash and took possession of the car. Arrangements were made for Halbman to pay $25 per week until the balance was paid, at which time title would be transferred. About five weeks after the purchase agreement, and after Halbman had paid a total of $1,100 of the purchase price, a connecting rod on the vehicle's engine broke. Lemke, while denying any obligation, offered to assist Halbman in installing a used engine in the vehicle if Halbman, at his expense, could secure one. Halbman declined the offer and in September took the vehicle to a garage where it was repaired at a cost of $637.40. Halbman did not pay the repair bill.

In October of 1973, Lemke endorsed the vehicle's title over to Halbman, although the full purchase price had not been paid by Halbman, in an effort to avoid any liability for the operation, maintenance, or use of the vehicle. On October 15, 1973, Halbman returned the title to Lemke by letter which disaffirmed the purchase contract and demanded the return of all money theretofore paid by Halbman. Lemke did not return the money paid by Halbman.

The repair bill remained unpaid, and the vehicle remained in the garage where the repairs had been made. In the spring of 1974, in satisfaction of a garageman's lien for the outstanding amount, the garage elected to remove the vehicle's engine and transmission and then towed the vehicle to the residence of James Halbman, Sr., the father of the plaintiff minor. Lemke was asked several times to remove the vehicle from the senior Halbman's home, but he declined to do so, claiming he was under no legal obligation to remove it. During the period when the vehicle was at the garage and then subsequently at the home of the plaintiff's father, it was subjected to vandalism, making it unsalvageable.

Halbman initiated this action seeking the return of the $1,100 he had paid toward the purchase of the vehicle, and Lemke counterclaimed for $150, the amount still owing on the contract. Based upon the uncontroverted facts, the trial court granted judgment in favor of Halbman, concluding that when a minor disaffirms a contract for the purchase of an item, he need only offer to return the property remaining in his hands without making restitution for any use or depreciation. In the order granting judgment, the trial court also allowed interest to the plaintiff dating from the disaffirmance of the contract. On postjudgment motions, the court amended its order for judgment to allow interest to the plaintiff from the date of the original order for judgment, July 26, 1978.

Lemke appealed to the court of appeals, and Halbman cross-appealed from the disallowance of prejudgment interest. The appellate court affirmed the trial court with respect to the question of restitution for depreciation, but reversed on the question of prejudgment interest, remanding the cause for reimposition of interest dating from the date of disaffirmance. The question of prejudgment interest is not before us on this review.

## II.

The sole issue before us is whether a minor, having disaffirmed a contract for the purchase of an item which is not a necessity and having tendered the property back to the vendor, must make restitution to the vendor for damage to the property prior to the disaffirmance. Lemke argues that he should be entitled to recover for the damage to the vehicle up to the time of disaffirmance, which he claims equals the amount of the repair bill.

Neither party challenges the absolute right of a minor to disaffirm a contract for the purchase of items which

are not necessities. That right, variously known as the doctrine of incapacity or the "infancy doctrine," is one of the oldest and most venerable of our common law traditions. *See: Grauman, Marx & Cline Co. v. Krienitz,* 142 Wis. 556, 560, 126 N.W. 50 (1910) ; 2 Williston, *Contracts* sec. 226 (3d ed. 1959) ; 42 Am. Jur.2d *Infants* sec. 84 (1969). Although the origins of the doctrine are somewhat obscure, it is generally recognized that its purpose is the protection of minors from foolishly squandering their wealth through improvident contracts with crafty adults who would take advantage of them in the marketplace. *Kiefer v. Fred Howe Motors, Inc.,* 39 Wis. 2d 20, 24, 158 N.W.2d 288 (1968). Thus it is settled law in this state that a contract of a minor for items which are not necessities is void or voidable at the minor's option. *Id.* at 23; *Schoenung v. Gallet,* 206 Wis. 52, 55, 238 N.W. 852 (1931) ; *Grauman, Marx & Cline v. Krienitz, supra* at 560–61; *Thormaehlen v. Kaeppel,* 86 Wis. 378, 380, 56 N.W. 1089 (1893).

Once there has been a disaffirmance, however, as in this case between a minor vendee and an adult vendor, unresolved problems arise regarding the rights and responsibilities of the parties relative to the disposition of the consideration exchanged on the contract. As a general rule a minor who disaffirms a contract is entitled to recover all consideration he has conferred incident to the transaction. *Schoenung v. Gallet, supra.* In return the minor is expected to restore as much of the consideration as, at the time of disaffirmance, remains in the minor's possession. *Thormaehlen v. Kaeppel, supra* at 380; *Grauman, Marx & Cline v. Krienitz, supra* at 560–61. *See also:* Restatement of *Restitution,* sec. 62, comment *b,* (1937) ; Restatement (Second) of *Contracts,* sec. 18B, comment *c,* (Tent. Draft No. 1, 1964). The minor's right to disaffirm is not contingent upon the return of

the property, however, as disaffirmance is permitted even where such return cannot be made. *Olson v. Veum,* 197 Wis. 342, 345, 222 N.W. 233 (1928). *See also: Nelson v. Browning,* 391 S.W.2d 873, 875–76 (Mo. 1965); *Boudreaux v. State Farm Mutual Auto. Ins. Co.,* 385 So. 2d 480, 483 (La. App. 1980); Williston, *supra,* sec. 238, 39–41.

The return of property remaining in the hands of the minor is not the issue presented here. In this case we have a situation where the property cannot be returned to the vendor in its entirety because it has been damaged and therefore diminished in value, and the vendor seeks to recover the depreciation. Although this court has been cognizant of this issue on previous occasions, we have not heretofore resolved it. *See: Schoenung v. Gallet, supra* at 57–58; *Wallace v. Newdale Furniture Co.,* 188 Wis. 205, 207–08, 205 N.W. 819 (1925).

The law regarding the rights and responsibilities of the parties relative to the consideration exchanged on a disaffirmed contract is characterized by confusion, inconsistency, and a general lack of uniformity as jurisdictions attempt to reach a fair application of the infancy doctrine in today's marketplace. *See:* Robert G. Edge, *Voidability of Minors' Contracts: A Feudal Doctrine in a Modern Economy,* 1 Ga. L. Rev. 205 (1967); Walter D. Navin, Jr., *The Contracts of Minors Viewed from the Perspective of Fair Exchange,* 50 N.C.L. Rev. 517 (1972); Note, *Restitution in Minors' Contracts in California,* 19 Hastings L. Rev. 1199 (1968); 52 Marq. L. Rev. 437 (1969). *See also:* John D. McCamus, *Restitution of Benefits Conferred Under Minors' Contracts,* 28 U.N.B.L.J. 89 (1979); Annot., *Infant's Liability for Use or Depreciation of Subject Matter, in Action to Recover Purchase Price Upon His Disaffirmance of Contract to Purchase Goods,* 12 A.L.R.3d 1174 (1967). That both parties rely

on this court's decision in *Olson v. Veum, supra,* is symptomatic of the problem.

In *Olson* a minor, with his brother, an adult, purchased farm implements and materials, paying by signing notes payable at a future date. Prior to the maturity of the first note, the brothers ceased their joint farming business, and the minor abandoned his interest in the material purchased by leaving it with his brother. The vendor initiated an action against the minor to recover on the note, and the minor (who had by then reached majority) disaffirmed. The trial court ordered judgment for the plaintiff on the note, finding there had been insufficient disaffirmance to sustain the plea of infancy. This court reversed, holding that the contract of a minor for the purchase of items which are not necessities may be disaffirmed even when the minor cannot make restitution. Lemke calls our attention to the following language in that decision:

"To sustain the judgment below is to overlook the substantial distinction between a mere denial by an infant of contract liability where the other party is seeking to enforce it and those cases where he who was the minor not only disaffirms such contract but seeks the aid of the court to restore to him that with which he has parted at the making of the contract. In the one case he is using his infancy merely as a shield, in the other also as a sword." 197 Wis. at 344.

From this Lemke infers that when a minor, as a plaintiff, seeks to disaffirm a contract and recover his consideration, different rules should apply than if the minor is defending against an action on the contract by the other party. This theory is not without some support among scholars. *See:* Calamari and Perillo, *The Law of Contracts,* sec. 126, 207–09 (Hornbook Series 1970), treating separately the obligations of the infant as a plaintiff and the infant as a defendant.

Additionally, Lemke advances the thesis in the dissenting opinion by court of appeals Judge Cannon, arguing that a disaffirming minor's obligation to make restitution turns upon his ability to do so. For this proposition, the following language in *Olson v. Veum, supra* at 345, is cited:

"The authorities are clear that when it is shown, as it is here, that the infant cannot make restitution, then his absolute right to disaffirm is not to be questioned."

In this case Lemke argues that the *Olson* language excuses the minor only when restitution is not possible. Here Lemke holds Halbman's $1,100, and accordingly there is no question as to Halbman's ability to make restitution.

Halbman argues in response that, while the "sword-shield" dichotomy may apply where the minor has misrepresented his age to induce the contract, that did not occur here and he may avoid the contract without making restitution notwithstanding his ability to do so.

The principal problem is the use of the word "restitution" in *Olson*. A minor, as we have stated, is under an enforceable duty to return to the vendor, upon disaffirmance, as much of the consideration as remains in his possession. When the contract is disaffirmed, title to that part of the purchased property which is retained by the minor revests in the vendor; it no longer belongs to the minor. *See, e.g.,* Restatement (Second) of *Contracts,* sec. 18B, comment *c,* (Tent. Draft No. 1, 1964). The rationale for the rule is plain: a minor who disaffirms a purchase and recovers his purchase price should not also be permitted to profit by retaining the property purchased. The infancy doctrine is designed to protect the minor, sometimes at the expense of an innocent vendor, but it is not to be used to bilk merchants out of

property as well as proceeds of the sale. Consequently, it is clear that, when the minor no longer possesses the property which was the subject matter of the contract, the rule requiring the return of property does not apply.[1] The minor will not be required to give up what he does not have. We conclude that *Olson* does no more than set forth the foregoing rationale and that the word "restitution" as it is used in that opinion is limited to the return of the property to the vendor. We do not agree with Lemke and the court of appeals dissent that *Olson* requires a minor to make restitution for loss or damage to the property if he is capable of doing so.

Here Lemke seeks restitution of the value of the depreciation by virtue of the damage to the vehicle prior to disaffirmance. Such a recovery would require Halbman to return more than that remaining in his possession.

---

[1] Although we are not presented with the question here, we recognize there is considerable disagreement among the authorities on whether a minor who disposes of the property should be made to restore the vendor with something in its stead. The general rule appears to limit the minor's responsibility for restoration to specie only. *Terrace Company v. Calhoun,* 37 Ill. App.3d 757, 347 N.E.2d 315, 320 (1976); *Adamowski v. Curtiss-Wright Flying Service,* 300 Mass. 281, 15 N.E.2d 467 (1938); *Quality Motors v. Hays,* 225 S.W.2d 326, 328 (Ark. 1949). *But see: Boyce v. Doyle,* 113 N.J. Super. 240, 273 A.2d 408 (1971), adopting a "status quo" theory which requires the minor to restore the precontract status quo, even if it means returning proceeds or other value; *Fisher v. Taylor Motor Co.,* 249 N.C. 617, 107 S.E.2d 94 (1959), requiring the minor to restore only the property remaining in the hands of the minor, " 'or account for so much of its value as may have been invested in other property which he has in hand or owns and controls.' " *Id.* at 97. Finally, some attention is given to the "New Hampshire Rule" or benefits theory which requires the disaffirming minor to pay for the contract to the extent he benefited from it. *Hall v. Butterfield,* 59 N.H. 354 (1879); *Porter v. Wilson,* 106 N.H. 270, 209 A.2d 730 (1965). *See also:* 19 Hastings L.J. 1199, 1205–08 (1968); 52 Marq. L. Rev. 437 (1969); Calamari and Perillo, *The Law of Contracts,* sec. 129, 215–16 (Hornbook Series 1970).

It seeks compensatory value for that which he cannot return. Where there is misrepresentation by a minor or willful destruction of property, the vendor may be able to recover damages in tort. *See, e.g., Kiefer v. Fred Howe Motors, Inc., supra;* 42 Am. Jur.2d *Infants* sec. 105 (1969). But absent these factors, as in the present case, we believe that to require a disaffirming minor to make restitution for diminished value is, in effect, to bind the minor to a part of the obligation which by law he is privileged to avoid. *See: Nelson v. Browning, supra* at 875–76; Williston, *supra,* sec. 238, 39–41.

The cases upon which the petitioner relies for the proposition that a disaffirming minor must make restitution for loss and depreciation serve to illustrate some of the ways other jurisdictions have approached this problem of balancing the needs of minors against the rights of innocent merchants. In *Barber v. Gross,* 74 S.D. 254, 51 N.W.2d 696 (1952), the South Dakota Supreme Court held that a minor could disaffirm a contract as a defense to an action by the merchant to enforce the contract but that the minor was obligated by a South Dakota statute, upon sufficient proof of loss by the plaintiff, to make restitution for depreciation. *Cain v. Coleman,* 396 S.W.2d 251 (Tex. Civ. App. 1965), involved a minor seeking to disaffirm a contract for the purchase of a used car where the dealer claimed the minor had misrepresented his age. In reversing summary judgment granted in favor of the minor, the court recognized the minor's obligation to make restitution for the depreciation of the vehicle. The Texas court has also ruled, in a case where there was no issue of misrepresentation, that upon disaffirmance and tender by a minor the vendor is obligated to take the property "as is." *Rutherford v. Hughes,* 228 S.W.2d 909, 912 (Tex. Civ. App. 1950). *Scalone v. Talley Motors, Inc.,* 158 N.Y.S.2d 615, 3 App. Div.2d 674 (1957), and *Rose v. Sheehan Buick, Inc.,* 204 So.2d

903 (Fla. App. 1967), represent the proposition that a disaffirming minor must do equity in the form of restitution for loss or depreciation of the property returned. Because these cases would at some point force the minor to bear the cost of the very improvidence from which the infancy doctrine is supposed to protect him, we cannot follow them.

As we noted in *Kiefer,* modifications of the rules governing the capacity of infants to contract are best left to the legislature. Until such changes are forthcoming, however, we hold that, absent misrepresentation or tortious damage to the property, a minor who disaffirms a contract for the purchase of an item which is not a necessity may recover his purchase price without liability for use, depreciation, damage, or other diminution in value.

Recently the Illinois Court of Appeals came to the same conclusion. In *Weisbrook v. Clyde C. Netzley, Inc.,* 58 Ill. App.3d 862, 374 N.E.2d 1102 (1978), a minor sought to disaffirm a contract for the purchase of a vehicle which developed engine trouble after its purchase. In the minor's action the dealer counterclaimed for restitution for use and depreciation. The court affirmed judgment for the minor and, with respect to the dealer's claim for restitution, stated:

"In the present case, of course, the minor plaintiff never misrepresented his age and, in fact, informed defendant that he was 17 years old. Nor did plaintiff represent to defendant that his father was to be the owner or have any interest in the automobile. There is no evidence in the present case that plaintiff at the time of entering the contract with defendant intended anything more than to enjoy his new automobile. He borrowed the total purchase price and paid it to defendant carrying out the transaction fully at the time of taking delivery of the vehicle. Plaintiff sought to disaffirm the con-

tract and the return of the purchase price only when defendant declined to make repairs to it. In these circumstances we believe the weight of authority would permit the minor plaintiff to disaffirm the voidable contract and that defendant-vendor would not be entitled to recoup any damages which he believes he suffered as a result thereof."

*Id.* at 1107. *See also: Johnson Motors, Inc. v. Coleman,* 232 So.2d 716 (Miss. 1970) ; *Rutherford v. Hughes, supra; Fisher v. Taylor Motor Co.,* 249 N.C. 617, 107 S.E. 2d 94 (1959). We believe this result is consistent with the purpose of the infancy doctrine.

*By the Court.*—The decision of the court of appeals is affirmed.